# BENNINGTON COUNTY.

## FEBRUARY TERM, 1841.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE, ⎫
" ISAAC F. REDFIELD, ⎬ *Assistant Justices,*
" MILO L. BENNETT, ⎭

LAMSON, CUTTING & BUFFUM *v.* SILAS SUTHERLAND AND
CEPHAS MORGAN.

On a motion to redeem, it appeared that plaintiffs were assignees of a mortgage, which was due at the commencement of their action, and also held a mortgage of the same lands which was not then due ;—*Held*, that the court were to ascertain the sum due on the first mortgage, only, and decree a redemption of the premises on the payment of that sum.

When plaintiffs commence an action of ejectment against two, which is delayed by an injunction in chancery, they may recover the whole amount of the rents and profits against both defendants, as damages, notwithstanding one was only tenant and continued in possession but a short time after the commencement of the suit, especially if the tenant do not disclaim title, or suffer judgment against himself until a final judgment is rendered.

EJECTMENT, to recover the seizin and possession of certain lands in Manchester.

The action was entered at the September term of the county court, 1834, and a final judgment was rendered for the plaintiffs, by default, in 1839. In the intermediate time, a judgment was rendered for the plaintiffs and the cause was reviewed by both defendants.

The plaintiffs claimed title to the premises as assignees of a mortgage deed from Aldridge Sutherland to Lyman Harrington, dated August 26, 1833, given to secure the payment of a note for six hundred dollars, which was due when

BENNINGTON, the suit was commenced, and by virtue of a mortgage from
*February,* Silas Sutherland to the plaintiffs, dated February 11, 1834,
1841.
————————  to secure the payment of a note, and other moneys, which
Lamson, *et al.*  were not due at the time when the suit was commenced, but
*v.* 
Sutherland &  were due when final judgment was rendered.
Morgan.

It appeared that Aldridge Sutherland conveyed the lands
in question to the defendant, Silas Sutherland, by deed dated
February 11, 1834.

On the defendants' motion to redeem the premises, the
plaintiffs contended that the amount due on both the mort-
gages was the sum due in equity ;—but the county court de-
cided that the defendants might redeem by paying the
amount due upon the first mortgage, only, with interest and
costs of suit, by the first day of April, then next. To this
decision the plaintiffs excepted.

On the hearing, on the assessment of damages, after judg-
ment by default, it appeared that, when the suit was com-
menced, the defendant, Morgan, was in possession of the
premises as tenant of the other defendant, and continued in
possession during that season, and no longer, and that this
suit had been delayed, by an injunction from the court of
chancery procured by the defendant, Sutherland. Upon this
showing the defendant, Morgan, contended that judgment
should not be rendered against him ;—but the county court
decided that, as he was in possession when the suit was
commenced, judgment should be rendered against him, as
well as the other defendant, and assessed damages against
both defendants, jointly. To this decision the defendant,
Morgan, excepted.

—————————————, for defendants.

The sum due in equity, in this case, to the plaintiffs, is the
principal and interest of the notes, upon which the first mort-
gage, named in the bill of exceptions, is founded.

By what other mortgage was the land, mentioned in the
declaration, granted, on the forfeiture of which this action
was brought ? None. By no other could the plaintiffs show
title. On no other could the county court exercise its equi-
table powers. Slade's Comp. Laws, p. 80, sec. 76.

With regard to the second question presented by the bill
of exceptions, it is believed that the plaintiffs can only recover

damages against the defendants, *jointly*, during the continu-
ance of Morgan's possession. At common law the defendant
in ejectment was liable for mesne profits, on the ground of his
being a trespasser, and no case can be found where he is
treated as a trespasser for a longer time than while in pos-
session. 2 Stark. Ev. p. 544, note 1, and cases there cited,
show the extent of his liability.

Trespass for mesne profits is only for the use and occupa-
tion of the lands. *Gill* v. *Cole*, 1 Har. & Johns. 403. It may
be brought against a third person to whom possession has
been transferred pending an action of ejectment by the de-
fendant therein. *Jackson* v. *Stone*, 13 Johns. R. 447.
The defendant may show the plaintiff in possession of the
land between the demise, laid in the declaration, and the
judgment in ejectment. *West* v. *Hughes*, 1 Har.& Johns. 574.

These cases establish the principle that the duration of
possession limits the defendant's liability, and that the judgment
in ejectment is no evidence of the extent of that liability.

The assesssment of damages, in ejectment, under our stat-
ute, (Slade's Comp. Laws, p. 85, sec. 88,) can only be made
in cases where, at common law, an action of trespass for
mesne profits would lie. *Atkinson* v. *Burt et al.* 1 Aik. R.
329. *Smith* v. *Benson*, 9 Vt. R. 142.

The rights of the parties are not altered by the statute,
from what they were at common law. See cases above cited.

It follows, then, that damages could be assessed in this
case against the defendants, *jointly*, only during Morgan's
tenancy.

*D. Roberts, Jr.,* for plaintiffs.

The intent of the seventy-sixth section of the judiciary act
was, that the end sought by a bill in chancery might be at-
tained through a court of law, at a saving of litigation, ex-
pense and delay. The statute is therefore remedial, and
should be construed liberally for the advancement of the rem-
edy.

For effecting this object, chancery powers are given to
courts of law, and chancery proceedings are enjoined. Thus
the action, proceedings, and judgment in ejectment upon
mortgage, are of strict legal form and character. After judg-
ment, the defendant moves to redeem. This motion is a sub-

BENNINGTON,  ject matter properly belonging to chancery, and hereupon
*February,*  the proceedings assume the character of proceedings in chan-
 1841
―――――  cery.   The motion is a bill to redeem.   An account is taken
Lamson *et al.*  as in chancery, and a decree is made which is, substantially,
 *v.*
Sutherland &  the same as in chancery.
 Morgan.

The court sits as a court of chancery, and a court of chancery would not allow the redemption of one mortgage without a redemption of all others upon the same premises, due to the same party.  Bac. Ab. Mortgage, E. 5.  *Willie* v. *Lugg*, 2 Eden, 78.

It may be objected, that, in most actions, the plaintiff shall recover for no trespass or default which had not happened before the commencement of his suit.  True, and the reason why is technical.  The plaintiff must state specifically the injury done him, that the defendant may be prepared to defend, and he cannot recover except *secundum allegata.* This necessarily implies that the thing complained of has already occurred.  So in this action the plaintiff alleges an *ouster* as a thing past, and he cannot recover unless he prove this by showing a forfeiture of the mortgage before suit brought.  He does not allege the non payment of money due, nor seek to recover it ; but he sues to recover the seizin of lands, and damages for a tortious entry and detention. These the judgment of court gives him, and his action is then at an end.  The question in this case then arises under the defendants' motion.  The objection, therefore, is wide of the mark.  In the action of account, at common law and by statute, the account is adjusted up to the time of taking it.  So, in the assessment of damages, interest, payments, &c. are adjusted to the time of judgment.  *Ambler* v. *Bradley*, 6 Vt. R. 119.

The statute of 1806, p. 95, extends the provisions of the previous statute " to all cases of mortgages wherein the payments are secured to be made by instalments, and a part only of the same shall have become due."  The necessity for this last statute is found in the phraseology of the first, which limited the inquiry of the court to the sum or sums of money *due,*—that is, due at the date of such inquiry.  But, suppose the case of a mortgage, the money payable by instalments, and they all due at the date of the decree, but only a part due at the date of the commencement of the suit.  The latter

statute seems not to have been framed for such a case, while
the older seems quite broad enough to authorize the court to embrace in their decree the whole sum due at the time of
making it. And yet no real difference appears between the case supposed and the one on trial.

II. The question, arising under the exceptions taken by the defendants, is, whether on the inquiry of damages, after judgment by default, in ejectment, against two, joint and full damages shall be assessed, where one of the defendants, the original tenant of the other, proves that he has occupied the premises only a portion of the time following the service of the writ.

In ejectment, under our statute, the value of the occupancy of the premises, during the time that the plaintiff has wrongfully been kept out of possession, that is, up to the time of trial, is given as damages, thus doing away the necessity, and, with that, the propriety of a subsequent action of trespass for mesne profits. And these damages are incident to a recovery, being considered as occasioned by the trespass set forth in the declaration. Comp. St. p. 85. *Atkinson* v. *Burt*, 1 Aik. 329. *Strong* v. *Garfield*, 10 Vt. R. 502.

In trespass against two or more, whether the defendants join or sever in pleading, if the jury find all guilty of the same act of trespass, or if one make default, the damages cannot be severed. *Sir John Heydon's case*, 11 Co. 5. 5 Burr. 2790. Tidd's Pr. 331. 1 Arch. Pr. 195. *Bohun* v. *Taylor*, 6 Cowen, 313.

So if two or more defendants suffer judgment by default, the damages cannot be severed, *even in trespass*, as it is said, 1 Str. 422, 2 Arch. Pr. 25, for the default of all is a confession of the cause of action by each, and equivalent to a general verdict of guilty against all. *Aslin* v. *Parkin*, 2 Burr. 665. *Goodtitle* v. *Tombs*, 3 Wils. 118. *Baron* v. *Abeel*, 3 Johns. 481.

In this case an interlocutory judgment passed against both defendants on their default. Consequently damages must be assessed against both, and if these damages cannot be severed, then they must be assessed according to the act of the most guilty.

But without relying upon the legal effect of the default, the case shows both defendants to have been in possession of

BENNINGTON,
February,
1841.

Lamson et al.
v.
Sutherland &
Morgan.

the premises, Morgan as tenant of Sutherland, at the date and service of the writ; consequently both were in fact guilty of the *ouster* alleged.

And further, both have appeared in court by their joint attorney, have jointly pleaded, and, after one judgment against them, have jointly reviewed, and finally suffered judgment strictly by *nil dicit*.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—This cause comes before us on two exceptions; one taken by the plaintiffs, and the other by the defendants. It appears that the plaintiffs held two mortgages against the defendant, Sutherland, on one of which the condition was broken, and the plaintiffs had a right of entry on the land. On the other, the condition was not broken, and by our statute, the defendant, Sutherland, was entitled to the possession until it was broken. The plaintiffs having recovered on the title derived from their first mortgage, the question was, whether, on the defendants' motion to redeem, the court, in ascertaining the sum due in equity, were to compute the sum on the first mortgage, only, or the sum due on both, the whole amount embraced in the condition of both mortgages being due and payable at the time judgment was rendered in the action, and when the motion to redeem was filed. The county court computed the sum due on a first mortgage, only, and permitted a redemption on payment of the sum due on that, without regarding the other, and we think they were correct in adopting that course. It was the first mortgage, only, by virtue of which the plaintiffs could recover, and this having been shown to the court, on the motion to redeem, the court were limited to ascertain the sum due the plaintiffs, in equity, *thereon*, that is, the sum due on the mortgage which gave the plaintiffs the action of ejectment, and enabled them to recover against the defendants. It differs from a mortgage payable by instalments, some of which were not due.

On the second question, arising upon the exceptions taken by the defendants, it is only necessary to say that it appears that both the defendants were in possession of the land sued for, at the time of the commencement of the suit. It appears, from examining the records, that judgment was rendered against both the defendants, and they reviewed the cause,

and did not suffer a final judgment to be taken against both, or either, until the term, when the damages were assessed. The plaintiffs could not avoid joining both in their writ, and it does not appear that they had any knowledge of their relative situation to each other, or that either had abandoned the possession or disclaimed title to the premises sued for. This was first disclosed on the hearing for the assesment of damages, after the judgment, rendered by *nil dicit*, which was after the delay occasioned by the injunction. Under these circumstances, we think the county court correctly assessed all the damages which the plaintiffs sustained by being kept out of possession, against the the defendants, jointly, and, as the mesne profits are to be recovered in the action of ejectment, and not in a separate suit, both the defendants were liable therefor to the plaintiffs.

The court are not prepared to say whether a different rule of assessing damages, could or could not have been adopted, if the defendant, Morgan, had suffered a judgment by default, or disclaimed title immediately after he abandoned the possession ; or whether, in a joint action of ejectment, separate damages may be recovered of several defendants, or whether joint damages for a part of the time may be assessed against all, during the time of their joint occupation, and several damages after the joint occupation ceased, in any conceivable case. It is sufficient to say, there is nothing in the present case to induce the court to depart from the usual rule in actions of ejectment, and make all the joint trespassers liable for the whole amount of the injury the plaintiffs may have sustained, by their tortious entry and ouster. The judgment of the county court is, therefore, affirmed.