SHELDON EDGERTON *v.* JOHN M. CLARK AND FAYETTE BLAKELY.

A plaintiff in ejectment, who has title to the demanded premises at the commencement of his suit and at the time of trial, is not precluded from recovering by the fact, that there has been an intervening period, during which he has, by his own act, been divested of all title.*

Where the plaintiff obtains a verdict in an action of ejectment against landlord and tenant, and damages for the rents and profits are assessed against the two defendants, jointly, he cannot include, in such assessment, damages for rents and profits which accrued prior to the time when the tenant entered into possession of the premises.

EJECTMENT for land in Pawlet. The writ bore date December 16, 1845. The defendant Clark was defaulted; and the defendant Blakely pleaded the general issue. Trial by jury, April Term, 1847, —E. JUNE, assistant judge of Rutland county court, presiding.

On trial the plaintiff gave in evidence a deed of the premises from John M. Clark to himself, dated July 8, 1839; and also gave evidence tending to prove, that he entered into possession, under said conveyance, and retained possession until the fall of 1844, when the defendant Clark entered upon the premises and retained possession until April 1, 1845; and that then the defendant Blakely entered upon the premises under a written lease from Clark, and retained possession until April 1, 1846, when the plaintiff re-entered, and continued in possession until the time of trial.

The defendant gave in evidence a quitclaim deed of the premises from the plaintiff to one Albert Day, dated May 4, 1846; and the plaintiff gave in evidence a quitclaim deed of the premises from Day to himself, dated September 2, 1846.

The defendant farther offered to prove, that when Clark entered into possession of the premises, in the fall of 1844, he entered under a parol contract, between himself and the plaintiff, for the purchase of the premises, and that he paid to the plaintiff $180,00 towards the price;—but this evidence was objected to by the plaintiff and excluded by the court.

The defendant requested the court to charge the jury, that the

*See *Beach* v. *Beach et al., ante,* page 83.

Edgerton *v.* Clark et al.

plaintiff, having conveyed all his interest in the premises to Day after the commencement of this suit, was not entitled to recover, although he had procured a reconveyance of the land before the time of trial. But the court instructed the jury, that the plaintiff, having had title to the premises at the commencement of his suit and also at the time of trial, was entitled to recover, although he had no title during a portion of the intermediate time.

The defendant farther requested the court to charge the jury, that if they found that Blakely entered upon the premises as tenant to Clark, the plaintiff could not recover a joint judgment for rents and profits, against both defendants, for a longer period than Blakely occupied as tenant to Clark. But the court instructed the jury, that the plaintiff was entitled to recover the rents and profits, not only for the time that Blakely occupied as tenant to Clark, but also for the time that Clark occupied alone.

Verdict for plaintiff. Exceptions by defendant.

*C. B. Harrington* for defendant.

1. That the plaintiff must have title at the commencement of his suit and at the time of trial has long since, in this state, ceased to be questioned. *Burton* v. *Austin,* 4 Vt. 105. *Adm'r of Tryon* v. *Tryon et al.,* 16 Vt. 314. The spirit of this rule would seem to require, that the title must continue in the plaintiff during the intervening period;—otherwise he would recover upon a title, which he did not have at the commencement of the suit. The action of ejectment is like all other actions known to the common law,—when the cause of action ceases, the action itself is dead; and it cannot be revived by substituting a cause of action, which did not exist at the commencement of the suit.

2. The court erred in instructing the jury, that the defendants were jointly liable for the whole rents and profits. The action of ejectment, by the statute of this state, is in substance the same as an action of ejectment at common law, to recover the possession, and an action of trespass, to recover *mesne* profits. The plaintiff can only recover damages in ejectment, under our statute, in cases where trespass for *mesne* profits would lie at common law. *Atkinson* v. *Burt,* 1 Aik. 329. *Smith* v. *Benson,* 9 Vt. 142. That ac-

34

tion is founded upon the tortious act of the defendants; and no joint judgment can be rendered against two defendants in trespass, except for such damages as have resulted from their joint act. *Myrick* v. *Downer et al.*, 18 Vt. 360. *Williams* v. *Sheldon et al.*, 10 Wend. 654. 19 Johns. 381.

3. The court erred in rejecting the evidence, that Clark entered upon the premises under a contract of purchase. If he entered under such contract, he did not disseize the plaintiff, nor was his possession, or that of his lessee, wrongful. If there were neither a disseizin, nor a wrongful possession, ejectment will not lie. *Cook* v. *Danvers*, 7 East 312. *Hughes* v. *Thomas*, 12 East 141. *Cooley* v. *Penfield*, 1 Vt. 244. If Clark entered under a contract of purchase, he is not liable, without a failure to perform his contract and notice to quit, or at least a demand of the premises. *Right* v. *Beard*, 13 East 210. *Milbourn* v. *Edgar*, 30 E. C. L. 482. *Blair* v. *Street*, 29 E. C. L. 108.

*G. W. Harmon* for plaintiff.

1. The charge of the court as to the title of the plaintiff was correct. *Downer* v. *Bowman*, 17 Vt. 417. *McDaniels* v. *Reed*, Ib. 674.

2. The court were correct, in deciding that the judgment against the defendants should be joint. In ejectment, in this state, rents and profits are recovered, as damages for withholding the possession. In this case the acts of the defendant were joint, the one being landlord and the other tenant;—consequently, neither disclaiming, joint damages should be assessed. *Rood* v. *Willard*, Brayt. 67. *Marshall* v. *Wood*, 5 Vt. 250. *Lamson* v. *Sutherland*, 13 Vt. 309.

3. The testimony offered by the defendant was properly rejected. The defendants, having denied their tenancy, cannot require notice to quit. *Catlin* v. *Washburn*, 3 Vt. 25. And having entered under a contract of purchase, they were not tenants, notice to quit was not requisite, and a recovery may be had against them in ejectment. *Jackson* v. *Day*, 3 Johns. 422. *Jackson* v. *Walker*, 7 Cow. 637. *Wright* v. *Moore*, 21 Wend. 230.

The opinion of the court was delivered by

DAVIS, J. I do not propose to notice particularly more than two of the questions raised by the bill of exceptions in this case.

1. It is contended by the defendant's counsel, that the circumstance, that, after the commencement of this suit, to wit, in May, 1846, the plaintiff conveyed to Albert Day, by quitclaim deed, all the right and title he had in the premises, required instructions on the part of the county court, that the plaintiff's right of action, if any he had, was thereby taken away,—notwithstanding the additional fact, put into the case, that in September after, and before trial, Day reconveyed to the plaintiff, by a similar deed, the same premises. The plaintiff thus had title at the commencement of his suit and at the time of trial. This is all that has ever been required in this state, and more than seems to have been required by some respectable authorities. *Burton* v. *Austin et al.*, 4 Vt. 105. *Adm'rs of Tryon* v. *Tryon et al.*, 16 Vt. 314. In the first of these cases, the plaintiff's interest, being that of a mortgagee only, was determined, during the pendency of the suit, by payment in full of the mortgage money by the defendants, in pursuance of a decree in chancery, which the plaintiff had obtained. It was very properly decided, that he could not recover lands, to which he had ceased to have any right, although he had a valid claim, when he instituted his suit, and costs were incurred in prosecuting that claim. The defendants were, however, denied costs that accrued previous to the satisfaction of the decree. In a case in New York, involving similar circumstances, except that the plaintiff's title at the commencement of his suit depended upon a life estate in the land sued for, which estate terminated before trial, the plaintiff was allowed to have judgment, to enable him to recover rents and profits, as well as his costs,—but with a perpetual stay of the writ of possession. *Jackson d. Henderson* v. *Davenport,* 18 Johns. 295. In the case of *Adm'rs of Tryon* v. *Tryon et al.* the plaintiffs, in their character of administrators of Jesse Tryon, derived title to the premises under a levy of an execution, issued upon a judgment founded on a claim due to the intestate; but before trial the probate court had divided the lands in question among the heirs, among whom were the defendants, in the manner pointed out by the statute. Judgment was

accordingly rendered for the defendants. In Maryland a similar doctrine is recognised. *Carrol* v. *Norwood*, 5 Har. & J. 155.

The fact, that, for some portion of the interval between the bringing of the suit and final trial, the plaintiff was divested of title, even by his own act, can produce no prejudice to his right to recover. Whatever disqualification was created was temporary, merely, and ceased on a reconveyance to him. By that act he became re-invested with all the rights he originally had, to the same extent as if no interruption had intervened. There was, therefore, no error in the instructions which the county court gave on this point.

2. But we are of opinion, that the directions given, by virtue of which Blakely was made responsible for rents and profits which accrued before he took possession on the first of April, 1845, by virtue of the lease from Clark, the other defendant, to him, were clearly erroneous. Although his entering and remaining in possession, at the time of bringing the action, justly subjected him, jointly with his lessor, to this possessory action, by the real owner, for the land, still, his own illegal act of intrusion cannot, by any fiction, be carried back beyond its true date, so as to render him responsible for its consequences, before the trespass was committed. This would be a violation of the plainest principles of justice. The cases cited do not warrant such a principle. The case of *Rood* v. *Willard et al.*, Brayt. 67, affords no ground for it,—as it no where appears in that case, that either defendant of the two, although their acts of intrusion were unconnected, was subjected to damages for any period before the acts committed by him. The question was, whether a joint action would lie.

A similar question was raised in *Marshall* v. *Wood et al.*, 5 Vt. 250, and decided in the same way. The same remark applies to this case as to that in Brayton. Nothing indicates, that either defendant was charged with rents and profits, for any period of time before the trespass committed by him. It was said by the Judge, who delivered the opinion of the court, that, if any one did not choose to be held responsible for portions of the premises, with which he had nothing to do, he could plead separately, and disclaim as to them. Omitting to do this, the occupants of several rooms in the building, though unconnected with each other, were held to be jointly liable. It does not appear, whether any rents and profits

Edgerton v. Clark et al.

were recovered, or not. In the case of *Lamson et al.* v. *Sutherland et al.*, 13 Vt. 309, which was ejectment on mortgage, it appears that both defendants were in possession at the commencement of the suit; but Morgan abandoned the possession sometime before final judgment,—which was delayed by an injunction, at the instance of Sutherland, for several terms. Morgan had no connection with the mortgage debt, but was tenant, merely, to the mortgagor. It was held, that damages should be assessed jointly against both, as both were necessarily joined in the suit, and it did not appear, that the plaintiff was apprised of their relative situation to each other, or that Morgan had abandoned possession,—knowledge of which first came to him at the hearing on the assessment of damages, after judgment by *nil dicit*. The late Ch. J. WILLIAMS in delivering the opinion, observed, that the court were not prepared to say whether a different rule could, or could not, be adopted, if Morgan had suffered judgment by default, or disclaimed title as soon as he had abandoned possession. To refuse to discriminate between the defendants, under such circumstances, was a matter very different from the attempt to hold a party liable for accruing rents, before he had any connection whatever with the premises.

In this case Clark was defaulted. Blakely was therefore severed in the outset; in making defence he seems to have lost no time in making what was equivalent to a disclaimer for the period of time in question. There is no reason, why he should not have the benefit of it.

It is not our business to inquire, whether, if, on a new trial, the plaintiff assess his damages against both for the period of time for which both are liable, he has any remedy, in this or another suit, for the rents and profits accruing previously to the joint liability. There was no absolute necessity of joining Blakely in the suit. The plaintiff may now, if he thinks it expedient, enter a nonsuit as to him, and hold his judgment and have full damages assessed against Clark.

We have not found it necessary to consider another question, made in argument,—namely, that in respect to the entry by Clark under a parol contract for a purchase; we therefore express no opinion respecting it.

The judgment of the county court is reversed and a new trial granted.