PRIMM, Respondent, v. CITY OF CARONDELET, Appellant.

1. A person appointed to serve as city counsellor by a municipal corporation, has no such vested right in his office during the term for which he is elected, as that an ordinance abolishing the office would be void, as interfering with the obligation of a contract.

*Appeal from St. Louis Law Commissioner's Court.*

The facts sufficiently appear in the opinion of the court.
*Casselberry*, for appellant.
*Primm & Romyn*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

Primm was appointed city counsellor for the city of Carondelet, under the provisions of an ordinance approved 14th January, 1853.   The counsellor so appointed was to hold his office for one year or until his successor should be duly appointed. The appointment was to commence on the 1st day of January in each and every year.   The compensation of the city counsellor was fixed at the sum of two hundred and fifty dollars per annum, payable quarterly, on the 1st days of April, July, October and January in each year.   The counsellor was required to give bond to the city in the penalty of five hundred dollars, conditioned for the faithful performance of his duties. This bond was to be given and be approved by the mayor previous to the counsellor's entering on his duties.   On the 20th January, 1853, the plaintiff having filed his bond, received a certificate of his appointment, and entered on the discharge of the duties of his office, and performed the duties until the 19th of July, 1853, on which last named day an ordinance was passed by the city repealing the previous ordinance authorizing the appointment of a city counsellor, and all other ordinances in relation thereto ; and the office of city counsellor was declared vacated ; and no act of such officer would be acknowledged or recognized by the city afterwards.   It appeared that the plaintiff was ready and willing at all times, from the 19th July, 1853, up to January 1st, 1854, to do and perform all things required of him by the city as counsellor.

The court found for the plaintiff and rendered judgment for the two last quarters' salary and interest, being one hundred and thirty-four dollars and ninety cents.   The City of Carondelet made her motion for review, which being overruled, she appealed to this court.

The question here involves the right of the city of Carondelet to repeal her ordinances authorizing the appointment of city counsellor, to abolish the office, and to discharge herself thereby from any liability to the plaintiff for the salary which he claims

for the two last quarters of the year 1853—the year for which he was appointed.

The plaintiff contends that the relation between himself and the city of Carondelet was one purely of contract; that this contract could not be rescinded without the consent of both parties, except for cause; and that there was no cause here shown, for he was ready to perform and had performed his duties as city counsellor.

This transaction between the city of Carondelet and the plaintiff can not be viewed as a contract. The plaintiff was not bound by any terms to hold his office or situation of city counsellor for any length of time. There is nothing hindering him from resigning the office whenever it suited his taste or convenience; nor is there any thing to hinder the city from repealing the ordinance and abolishing the office. The plaintiff can not be considered as having any vested right to the office, for he is under no contract to serve for the year. His appointment for a year did not take from him the right to resign or to refuse to act whenever he thought proper to declare his intention so to do. Nor is there any restriction of the corporate power of the city to repeal, by its ordinances, any other or previously ordained regulation, provided no vested right is thereby injured or destroyed. The legislature can take away by statute what was given by statute, if no vested right intervenes. (6 Wend. 531; People v. Livingston, 18 Maine, 109.)

In the case of the Commonwealth against Bacon, (6 Serg. & R. 322,) a rule to show cause why a mandamus should not issue to John Bacon, treasurer of the city of Philadelphia, commanding him to pay an order drawn on him by James N. Barker, Esq., mayor of said city, dated 19th January, 1820, for a quarter's salary, amounting to $750, was applied for. By an ordinance of the select and common councils, passed 16th May, 1816, it is enacted "that, in addition to the salary prescribed by ordinance, the annual sum of $1000, commencing and computing from the 17th day of October, 1815, shall hereafter be paid to the mayor of the city to defray the expenses of clerk

hire, stationery and other expenses incident to his office." This ordinance was repealed by another passed 16th December, 1819. Mr. Barker was elected mayor in the month of October, 1819, and the question was whether the latter ordinance reducing the salary of the mayor, after his term of service had commenced, was valid. The court held this ordinance of December 16th, 1819, was good and valid by law, and that the right of the mayor to the annual sum of $1000, in addition to the salary prescribed by former ordinances, no longer existed. The counsel for the mayor took the broad ground that the city council could not legally diminish the salary of the mayor during his continuance of office. This position was endeavored to be supported on the principle of contract. "This," says the court, "can not be considered in the nature of a hiring for a year, because it was not obligatory on the mayor to serve out the year. These services do not partake of the nature of contracts. As to stipulated allowance, the allowance, whether annual, per diem, or particular fees for particular services, depends on the will of the law-makers, and this, whether it be the legislature of the state, or a municipal body empowered to make laws for the government of a corporation."

The city counsellor of Carondelet is an officer of the corporation. The office was created by ordinance ; it can be destroyed by ordinance. There is no contract between the city and her counsellor for so much pay for so much work. The city creates the office, but she can not make the plaintiff take it, nor hold it after he has commenced to perform his duties. The salary is payable quarterly. When the office was abolished, nineteen days of a quarter had expired ; for this sum the plaintiff is entitled to recover, but for nothing after the office has been destroyed. Defendant had no vested right to the office ; and he can claim no salary after the office has ceased to exist.

The judgment below must be reversed, and the cause remanded, with directions to give judgment for the salary for nineteen days, unless the same has already been paid ; if it has, then dismiss the suit. The other judges concurring.