Louis C. Garnier, Appellant, *v.* The City of St. Louis, Respondent.

*Municipal Corporations—Contract.*—By an act of the General Assembly, commissioners were named and appointed to sign warrants to be issued by the City of St. Louis in payment of debts due by the city. *Held,* that there was no contract between the city and the commissioners that the city should pay them for their services, and that they could not recover.

*Appeal from St. Louis Court of Common Pleas.*

*Cline & Jamison,* for appellant.

*Clover,* for respondent.

There was no contract, express or implied, to pay for any services rendered, or any evidence to make a contract.

Looking at the whole scope of the two acts, "An act for the relief of the City of St. Louis," approved May 13, 1861, and "An act to amend an act, entitled 'An act for the relief of the City of St. Louis, approved May 13, 1861,'" approved March 23, 1863, it is very apparent it was not the design or the intention of the Legislature that the commissioners named in the first recited act should receive any compensation for any service they might perform under said act.

Holmes, Judge, delivered the opinion of the court.

This is a suit for compensation, as upon a *quantum meruit,*

for services done as one of the commissioners appointed by the act of the General Assembly, approved May 13, 1861, entitled "An act for the relief of the City of St. Louis," and alleged to have been rendered at the instance and request of the defendant.

Evidence was offered to show that the services were rendered, that they were worth what was charged, and that defendant received the benefit of them ; and that there was some correspondence between them and certain city officers on the subject. No contract was alleged, but the plaintiff claims that there was an implied assumpsit, arising out of the facts and circumstances, that the defendant would pay for such services what they were reasonably worth. The court instructed the jury that the plaintiff was not entitled to recover on the case made. Some exceptions were taken to the exclusion of testimony offered by the plaintiff.

The whole case may be determined on a single point. These commissioners were appointed by the Legislature on behalf of the State, to sign and issue to the city treasurer certain city treasury warrants, to be issued and circulated as money. The city charter was so amended as to authorize the city corporation to pay out and circulate a given amount of these warrants, if it should be deemed advisable by the city authorities'; and these commissioners were appointed by the State to sign the warrants to be issued, and deliver them to the city treasurer for the purpose of being so used as a currency, and they were to receive them back from the treasurer, when redeemed, for final cancellation. It is plain the commissioners were State officers only, and not officers or agents of the corporation at all. Their warrants were to be circulated as money, and the State, in the exercise of its regulating control over the circulating medium, saw fit to appoint officers of its own, to regulate the issue of such money, and to see to the cancellation of the warrants when redeemed. They undertook a public function on behalf of the State, and to the State only can they look for compensation. Whether it were an honorary office merely,

or one that should be entitled to salary, need not be considered here. It is clear they were not acting as the officers or agents of the city corporation, nor in any manner entitled to compensation from the city. Their duties were not performed at the instance and request of the city, but were to be performed, if done at all, even against the will of the corporation, and as the servants of the State. Such being their relation to the corporation, the mere fact that the services were rendered and were worth so much, or that the warrants signed were accepted and used by the city authorities, or that the city officers corresponded or consulted with them about the issue of such warrants, could have no proper tendency to prove that the services were done by them as the agents and servants of the corporation, and at their instance and request.

We think the evidence objected to was properly excluded, and that the jury was correctly instructed that the plaintiff was not entitled to recover.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.