STATE OF MISSOURI, by ROBERT F. WINGATE, Attorney-General, Plaintiff, *v.* AMADÉE VALLÉ, Defendant.

*Constitution—Legislature—Officer.*—The officers of a municipal corporation are civil officers within the meaning of the provisions of the Constitution, Art. IV., § 15. A member of the General Assembly, therefore, cannot be appointed to an office under such corporation, which has been created or the emoluments of which have been increased during the term for which he was elected. A member of the Legislature receives a compensation for his services as a civil officer, and holds an office of profit as well as honor, and is therefore prohibited from holding office as a member of the Board of Water Commissioners for the City of St. Louis, by the provisions of the act creating the board—§ 5, Acts 1866-7, p. 185.

*R. F. Wingate, pro se.*

*Knox & Smith,* for defendant.

HOLMES, Judge, delivered the opinion of the court.

This is an *ex officio* information in the nature of *quo warranto*, and the case is submitted on demurrer.

The defendant, a member of the House of Representatives, elected in November, 1866, from the Fifth district of the City of St. Louis, for the twenty-fourth General Assembly, (which is not yet dissolved,) was appointed one of the Board of Water Commissioners for the City of St. Louis, in and by the act of the General Assembly, (approved March 13, 1867,) of which he was at the time a member, and entered upon the duties of the office; and the question is whether he was eligible to that office under the constitution of the State, which provides that "no Senator or Representative shall, during the term for which he shall have been elected, be appointed to any *civil office under this State,* which shall have been created, or the emoluments of which shall have been increased, during his continuance in office as a Senator or Representative, except to such offices as shall be filled by election of the people"—Const. art. 4, § 15.

Three persons named were by the act appointed and constituted a Board of Water Commissioners for the City of St.

3—VOL. XLI.

Louis, with full powers to act as such until the first day of June, 1871, when their term of office is to end and determine ; (sec. 2,) and then the mayor, with the advice and consent of the city council, is to appoint the commissioners for a term of four years, and until their successors are appointed and qualified. (Sec. 21:) They are to have an annual salary of three thousand dollars ; but it is not expressly said in either section whether this salary is to be paid by the State or by the city. It may be gathered, however, from the general tenor of the act, that it was the intention of the Legislature, and it will be taken to be the proper effect of the act, that this salary is to be paid by the city. The city is authorized, through the agency of this board, to take measures in the manner prescribed, to obtain a supply of water from the Mississippi river for the use of the city. The general effect of the act is to invest this board of commissioners with the necessary powers to accomplish this object. All their powers are derived from the act. The board is made a part of the local administration of the city. They hold their offices under the statute, as the mayor holds his office under the city charter.

That this is a civil office, and not a mere agency or an employment under contract, would seem to be very clear. In the case of Primm v. City of Carondelet, 23 Mo. 22, a city counsellor appointed under an ordinance of the city, after the office had been abolished by a repeal of the ordinance, claimed that he was employed by the year under contract; but it was held that it was a civil office in which he had no vested right, which he might resign at will, and which might be abolished at the pleasure of the city ; and he was allowed to recover his salary only for the time he was in office. So these commissioners may resign, or the act may be repealed and the offices abolished. Certain commissioners appointed by an act of the Legislature to sign city treasury warrants, which were to be delivered to the city treasurer, and issued by the city to circulate as money, were held to be State officers, and they were not allowed to recover against

the city corporation a compensation for their services on a *quantum meruit* as upon an implied contract, and as mere agents employed by the corporation, when no provision has been made by the act for any salary. They were held to be civil officers under the State—Garnier v. City of St. Louis, 37 Mo. 554.

The government is the fountain of office, and civil officers have a right to exercise a public employment and take the fees and emoluments thereunto belonging—1 Black, Com. 272; 2 id. 36. A civil office is a grant and possession of the sovereign power, and the exercise of such power within the limits prescribed by the law which creates the office constitutes the discharge of the duties of the office; and it is distinguished in this respect from a mere employment as a contractor or agent under some public office—3 Mo. 481; Commonwealth v. Binns, 17 Serg. & R. 219; Samson v. Sutherland, 13 Vt. 309; County of Yalabusha v. Carbry, 3 Sm'ed. & Mar. 550.

The Legislature had the constitutional power to establish this board of commissioners as a part of the local administration of city affairs, and to appoint the officers, and to provide that they should be paid out of the city treasury; and, as a body constituted for purposes of civil government, they are unquestionably *civil officers under this State*—People v. Draper, 15 N. Y. 532; Hamilton v. County Court, 15 Mo. 3; Daly v. City of St. Paul, 7 Minn. 390.

In a certain popular acceptation, the words *civil office under this State* might possibly be interpreted to mean *State officers* in the sense of participating directly in the administration of the State government as such; but they are none the less civil officers under this State because their functions are confined to the local administration. The offices are created and the officers are appointed, and their powers given, and their duties defined, and their salaries fixed, directly by act of the Legislature. They exercise a share of the powers of civil government, and their authority comes directly from the State. They are to be considered as much

civil officers under this State as the judge of a court, or the mayor of the city. They would be none the less so if appointed by the mayor ; for they would still derive all their powers from the act which creates the office. The mode of appointment is not material.

We think the defendant was clearly ineligible to this office, under the Constitution, during the term for which he was elected a representative.

There is another provision in the act itself which would preclude him from holding both offices at once. The fifth section provides that the members of the board "shall devote their entire time and attention to the duties of their said office, and shall not hold any other office of profit, or attend to any other business as an occupation." A member of the Legislature receives a compensation for his services as a civil officer, and holds an office of profit as well as of honor.

There being no evidence of any wrongful intention, no fine will be imposed, but judgment of ouster and costs will be entered. The other judges concur.