## NORTHERN PAC. R. CO. v. SMITH.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1895.)

### No. 556.

RES JUDICATA—ACTION TO RECOVER REAL PROPERTY—SUBSEQUENTLY ACQUIRED TITLE.

In an action to recover real property, brought under the Code of North Dakota, which has abolished the fictions of the old action of ejectment, the judgment is a bar to a subsequent action only when the titles and defenses are the same, and is therefore not a bar where the defense is founded on a title acquired subsequent to the judgment, and which was not and could not have been set up in the earlier action.

In Error to the Circuit Court of the United States for the District of North Dakota.

C. W. Bunn and F. W. M. Cutcheon, for plaintiff in error.

H. F. Stevens, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. This was an action brought by the defendant in error, Patrick R. Smith, against the Northern Pacific Railroad Company, the plaintiff in error, for the possession of certain lots in the city of Bismarck, in the state of North Dakota, and for damages for withholding the same. It was tried by the court upon an agreed statement of facts, and judgment was rendered for the defendant in error. This was the second trial of the case. On the first trial a judgment was rendered for the plaintiff in error, which was reversed in this court at the May term in 1893. In the opinion then rendered, which is reported in Smith v. Railroad Co., 7 C. C. A. 397, 58 Fed. 513, all the issues are stated, and the views of this court upon all the alleged errors of law now assigned except one are expressed. We adhere to the conclusion then reached, and refer to that opinion for the grounds of our decision.

The alleged error which was not considered in that opinion is that the court below refused to admit in evidence the pleadings and judgment in an action between the parties to this action, through which the railroad company recovered possession of a part of the property in controversy in 1878. In its complaint in that action the railroad company alleged that in May, 1873, "it became seised, for the use and purpose of a right of way," of that portion of the property in question which is described in the complaint in that action, and that the defendant in error, Smith, was unlawfully in possession of it as tenant of other parties who entered as trespassers and were defendants in that action. The defendant in error filed a general demurrer to that complaint. The company moved for judgment on the demurrer

as frivolous, and it was granted on January 31, 1878. This was the record that was rejected by the court below as immaterial. Testimony tending to prove that the property described in that record was a part of the lots in controversy in this action was also offered, and rejected by the court on the same ground. The ground on which it is contended that these rulings are erroneous is that this record and testimony proved that the title to the property described in the complaint in that action was res adjudicata between the parties to this action, and that the judgment rendered in 1878 constituted a bar to the recovery of the property described in it by the defendant in error in this action. The argument is that it was alleged in the complaint in that action that the railroad company was "seised in fee, for the use and purpose of a right of way," of the real estate described in it; that the judgment was an adjudication that it was so seised, and that that decision barred the defendant in error from contesting that question in this action. This view of the case, however, overlooks two decisive facts disclosed by this record: (1) That the defendant in error did not acquire the title on which he founds this action until more than a year after that judgment was rendered; and (2) that the question whether or not the railroad company was seised in fee or otherwise of the property in question was not put in issue, and was not tried in the former action. The only question tried was that raised by the demurrer,—whether or not the railroad company was entitled to possession of the property if it was seised in fee for the purpose of a right of way, and the defendant was wrongfully in possession as the tenant of trespassers. The general rule is that, whenever the same question has been in issue, has been tried, and judgment has been rendered, that judgment is conclusive in a subsequent action between the same parties and their privies. This rule governs actions for the recovery of the possession of real estate in the state of North Dakota, for the fictions of the old action of ejectment at common law were abolished in that state and in the territory which it succeeded before either of these actions was brought, and the real parties in interest were required by the Code of that territory and state to be the parties to these actions. Code Civ. Proc. Dak. T. §§ 33, 34, 74, 635, 651 (Rev. Code Dak. T. 1877; Comp. Laws Dak. T. §§ 4830, 4832, 4870, 5449–5465). But under this rule the former judgment is not conclusive of questions that could not have been and were not tried and determined between these parties in the earlier action. In actions for the recovery of real property under this Code the former judgment is a bar when the titles and defenses are the same in both actions, but it is not a bar to a subsequent action or defense founded on a title that was not and could not have been interposed in the earlier action. Hence an action or defense founded upon a title acquired by either of the parties subsequent to the judgment is in no way affected by it, because it could not have been tried or determined by the former judgment. A stranger to the earlier action could maintain against any of the parties to it any title or right which he held when the judgment was rendered, or which he acquired subsequent to its date. Any of the parties to the action, therefore, may, after the judgment, acquire any right or title

to the property he can obtain, and may maintain it against the parties to the former action with the same force and effect as a stranger. A judgment in an action for the recovery of real property is not a bar to a subsequent action brought or defense interposed by either of the parties to it when that action or defense is founded on an after-acquired title. Barrows v. Kindred, 4 Wall. 399; Hardy v. Johnson, 1 Wall. 371; Foster v. Evans, 51 Mo. 39; Mahoney v. Van Winkle, 33 Cal. 448, 457; Emerson v. Sansome, 41 Cal. 552; Black, Judgm. § 656; Freem. Judgm. §§ 301, 302. The title of the defendant in error in this action was acquired subsequent to the former judgment. The question in this case was whether or not this after-acquired title was superior to the alleged title of the plaintiff in error. That question could not have been, and was not, tried in the former action, and therefore the pleadings and judgment in that action were immaterial, and were rightly rejected. The judgment below must be affirmed, and it is so ordered.