## MOREHEAD v. HALL.

### (Filed March 10, 1903.)

EJECTMENT—*Grants—Registration — Evidence — Statutes — Retroactive—Acts 1901, ch. 175.*

A person can not maintain ejectment where, when the action was begun, a grant from the State, through which he claimed had not been and could not be legally registered, though it had been registered at the time of the trial under Acts 1901, Ch. 175.

ACTION by John L. Morehead and others, against David B. Hall and others, heard by Judge *George H. Brown,* at September Term, 1902, of the Superior Court of CARTERET County. From a judgment for the defendants, the plaintiffs appealed.

*Simmons & Ward,* for the plaintiffs.
*W. W. Clark,* for the defendants.

MONTGOMERY, J. When this action was commenced on the fourth of September, 1897, the plaintiffs' sole claim to the land in dispute was through an unregistered grant from the State to John Benthall, dated October 30, 1765. At the time of the trial of the action, Fall term, 1902, of the Superior Court of Carteret County, the plaintiffs offered that grant, which had been registered since the commencement of the action, to-wit, on the 24th day of October, 1899, in evidence in support of their title. The evidence was rejected upon the objection of the defendant, and an exception entered by the plaintiffs. The plaintiffs then tendered to the court a complete chain of title from John Benthall to them, and tendered evidence to identify the land in said grant and in the mesne conveyances to the plaintiffs, as the *locus in quo,* and tendered evidence to show that the defendants were in possession of the *locus in quo* at the time of the commencement of the action, but stated that they could not show possession in the plaintiffs and those under whom the

plaintiffs claimed for a sufficient time in the absence of the grant to perfect title in the plaintiffs. A non-suit was suffered by the plaintiffs on intimation from the court that they could not recover.

The last Act of Assembly extending the time for registration of grants, except the one of 1901 to be hereinafter referred to, was the one of the 27th of January, 1893, the expiration of the time being the 1st day of January, 1894. It is to be observed that the registration of the grant was without authority of law, but the plaintiffs contend that the Act of 1901 cures that defect and gives validity to the registration of the grant. That part of that Act which has relation to this case is in the following words: "That all grants from the State of North Carolina . . . . heretofore made, which were required or allowed to be registered within a time or times specified by law, or in the grants themselves, may be registered in the counties in which the lands lie, respectively, at any time or times within three years from the first day of January, 1901, notwithstanding the fact that such specified times have already expired, and all such grants heretofore registered after the expiration of such specified time or times shall be taken and treated as if they had been registered within such specified time or times."

It is unnecessary to discuss generally the effect of the Act of 1901 upon the grant itself, for the only question raised by the appeal is whether the grant ought to have been received as evidence *in the present action*. We are of the opinion that the ruling of his Honor was correct. The rule in this State is that the plaintiff in an action of ejectment, an action for the possession of real estate, must have the title and right to the possession not only at the time of trial, but at the time of the institution of the suit. *Arrington v. Arrington*, 114 N. C., 116. There, the court said: "This is said by Lawson (Rights and Remedies, Vol. 7, Sec. 3708) to be

almost the universal rule, the only exception thereto being in Vermont," as he says in his note referring to *Edgerton v. Clark,* 20 Vt., 264. The Act of Assembly, Ch. 175, Acts 1901, must be construed so as not to antagonize the rule above laid down. It was not intended to alter the rules regulating the trial of actions for the possession of real estate.

No error.