## SAMUEL ANDREWS *v.* WAHINENUI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED NOVEMBER 14, 1904. DECIDED NOVEMBER 21, 1904.

FREAR, C.J., HARTWELL AND HATCH, JJ.

EJECTMENT—*conveyance of the land by the plaintiff after commencement of action.*

The plaintiff's case showed that he had conveyed the land to a third person after the action was entered. The court ordered a. nonsuit on that ground. Ruling sustained.

OPINION OF THE COURT BY HARTWELL, J.

This was an action of ejectment in which the plaintiff was nonsuited on the ground that "the evidence of the plaintiff disclosed that since the commencement of the action the plaintiff had parted with his title to the land in dispute by deed to one L. L. McCandless." The propriety of the nonsuit is the only question presented by the bill of exceptions. Cases are cited in the plaintiff's brief from the California, Kentucky, Ohio, Alabama, Vermont, Illinois, Massachusetts, Maine, Michigan and North Carolina courts. Two Federal cases are also cited, one of which (68 U. S. 371), was a California case and the other (69 Fed. 579), was in North Dakota, each of the cases being decided according to the law of those states. The citations are made in order to show that it "has been held that a conveyance of the land in controversy by the plaintiff pending an ejectment does not affect his right to recover." 10 Ency. Law, 494.

An examination of the cases cited is far from sustaining the position of the plaintiff. Some of them are based on a statutory provision that the termination of the plaintiff's title pending the trial shall not preclude him from recovering judgment. Such appears to be the law in California and Illinois. Others are an application of the rule that the tenant cannot dispute his landlord's title. Such are the Massachusetts cases cited. Others again, like the Michigan and Maine citations, are based on a rule of practice requiring a special plea *puis darrein continuance* that the plaintiff has parted with his title, and they recognize that the plea is a good defense; for instance, in *Leavitt v. School Dist.,* 78 Me. 578, the court say: "Why should the plaintiff recover the possession of land after his right to the possession is extinguished and it is certain that he cannot hold it if it is given to him." Alabama courts held that the defense is not good under the rule that a disseizee cannot convey a title. The rule was carefully considered in *Mossman v. The Government,* 10 Haw. 432, in which the court took the view that "if this ever were the common law it is now obsolete as such and has

no existence at the present time apart from statute." In *Arrington v. Arrington,* 114 N. C. 120, the court held that "in an action to recover land the rule is that the plaintiff must have the right. to the possession not only at the institution of the suit but at the time of trial also. This is said by Lawson (Rights & R., Vol. VII, Sec. 3708) to be almost the universal rule, the only exception thereto being in Vermont, as he says in his note referring to *Edgerton v. Clark,* 20 Vt. 264. That case does not sustain the statement of the learned author that it is an exception to the rule. It only decides that a plaintiff in such an action, who has. title to the demanded premises at the commencement of his suit,. and at the *time of trial,* is not precluded from recovering by the fact that there has been an intervening period during which he has by his own acts been divested of all title."

The law as "laid down" in the passage quoted from the Encyclopedia is not sustained by the authorities cited. The nonsuit. was properly ordered and the exceptions are overruled.

*Castle & Withington* for plaintiff.

No appearance for defendant.