This is an action brought for the purpose of determining the title to five several tracts of land embraced in State Grants Nos. 2865, 2866, 2867, 2868, and 2869, as described in the complaint, plaintiffs asserting ownership thereto as the children and heirs at law of one W. H. Herbert by descent and not by purchase.
The answer of the defendants denied the right of plaintiffs to recover the lands embraced in Grants Nos. 2865, 2866, 2868, and 2869, or any interest therein, and disclaimed any right or interest in and to the lands embraced in Grant No. 2867 unless the same or a part thereof should lap upon and be covered by sections Nos. 31 and 32 in District No. 13 of Macon County, denying the right of plaintiffs to recover so much of Grant 2867 as might be embraced within the boundaries of said section.
At the trial of the action the plaintiffs, for the purpose of showing title in themselves, offered certified copies of certain records from the office of the Secretary of State, said copies having been certified in one paper by the Secretary of State and being in words and figures as follows:
 No. 2865. STATE OF NORTH CAROLINA
E. HERBERT.
Know ye that we have granted unto William Herbert of Cherokee County 640 acres of land on the waters of Nantigalee River, on the west side, beginning at a white oak on a ridge S.E. of the Tate (623) Branch and nearly S. of its mouth, running N. 55 E. three hundred and twenty poles to a stake; thence S. 35 E. two hundred and thirty-three poles to a stake; then S. 55 W. four hundred and forty poles to a stake; then N. 35 W. two hundred and thirty-three poles to a stake, then N. 55 E. one hundred and twenty poles to the beginning. Entered the 20th day of March, 1859.
To hold, the said W. E. Herbert, his heirs and assigns forever.
Dated 25 April, 1865.
Corrected by virtue of authority given by Laws of 1889, ch. 460. This 20th day of April, 1891. OCT. COKE, Sec. State.
I, J. Bryan Grimes, Secretary of State of North Carolina, do hereby certify the foregoing and attached five sheets to be true copies from the records of this office.
In witness whereof I have hereunto set my hand and affixed my official seal. *Page 705 
Done at Raleigh, this 5 September, 1908.
(Signed) J. BRYAN GRIMES, (Official Seal.) Secretary of State.
Only one of the papers is copied, as all are alike.
The defendant objected to the introduction in evidence of said copies from the office of the Secretary of State, and each of them, upon the grounds that they are not and do not purport to be grants or abstracts of grants, not having been signed by the Governor, not having been countersigned by the Secretary of State, and not having the Great Seal of the State affixed, and, further, that they do not recite or purport to recite or in any manner indicate that they were signed by the Governor, countersigned by the Secretary of State, or attested by the Great Seal of the State.
Objection sustained, and plaintiff excepted.
The plaintiffs, for the purpose of showing title in themselves, offered in evidence certain records from the office of the register of deeds of Clay County. Said records being found respectively in Book "F," at page 511, Book "F," page 512, and at Book "F," page 483, of the records of Clay County, and being in words and figures as follows:
 No. 2865. STATE OF NORTH CAROLINA.
Know ye that we have granted unto W. E. Herbert, of Cherokee County, 640 acres of land on the waters of Nantigalee River, on the west side, beginning at a white oak on a ridge S.E. of the Tate Branch and nearly S. of its mouth, running N. 55 E. three hundred and twenty poles to a stake; thence S. 35 E. two hundred and thirty poles to a stake; thence S. 55 W. four hundred and forty poles to a stake; (624) then N. 35 W. two hundred and thirty-three poles to a stake; the N. 55 E. one hundred and twenty poles to the beginning. Entered the 20th day of March, 1859. To hold, to the said W. E. Herbert, his heirs and assigns, forever.
Dated 25 April, 1865.
Corrected by virtue of authority given by Laws of 1889, ch. 460. This 20th day of April, 1891. OCT. COKE, Sec. State.
STATE OF NORTH CAROLINA — DEPARTMENT OF STATE.
RALEIGH, July 11, 1869.
I. Henry J. Menninger, Secretary of State, do hereby certify that the foregoing is a true copy of the record on file in this office. *Page 706 
Given under my hand the day and date above written.
 H. J. MENNINGER, Secretary of State.
Only one of these papers copied, as they are all alike.
Defendant objected to the introduction of the foregoing records, and each of them, for the reasons that while purporting to be copies of certain records from the office of the Secretary of State, they are not certified as being such by the Secretary of State in the manner and form prescribed by law to entitle them to registration, in that the purported certificate of the Secretary of State attached thereto and upon which he purported registration was had is not authenticated by the seal of the Secretary's office, and the said certificate not reciting that they were authenticated by a seal, and no seal being indicated thereupon; and for the further reason that said records are not and do not purport to be grants or the abstracts of grants, in that they are not signed by the Governor, countersigned by the Secretary of State, or in any manner purporting to be under the Great Seal of the State. Neither do they profess in any way to have been signed by the Governor, countersigned by the Secretary of State, or sealed with the Great Seal of the State.
The court sustained the objection of the defendants, and the plaintiff excepted.
The objections of the defendants to the certified copies from the office of the Secretary of State, and to the records of Clay County, having been sustained by the court as above indicated, and the plaintiff having excepted in each instance to said ruling, in deference to the ruling of the court upon the objections made by the defendant, plaintiffs submitted to a nonsuit and appealed to the Supreme Court.
The copies of the papers relied on by the plaintiff as grants from the State, duly certified by the present Secretary of State, are not objected to upon the ground that they have not been registered, and the rule generally prevails in appellate courts that the ground of objection cannot be enlarged upon appeal. 3 Corpus Juris, 747.
Confining ourselves, therefore, to the objection as stated, the question has been fully considered and decided against the defendants, at this term, in Howell v. Hurley, ante, 401. *Page 707 
We are inclined to the opinion that the record from the office of the register of deeds, made on the authority of the certificate of Menninger, Secretary of State, was properly excluded, but it is not necessary to decide this question, as a new trial must be ordered for error already pointed out, and if the papers have not since been registered on the new certificate this can be done before another trial is had.
The case of Morehead v. Hall, 132 N.C. 122, has created the impression that a plaintiff cannot register his title after the commencement of the action and use it upon the trial; but that case is founded upon the fact that the grant offered in evidence could not be registered under the lawsin force at the commencement of the action.
In the subsequent case of Brown v. Hutchinson, 155 N.C. 208, it was held that a plaintiff may register his title after the commencement of the action, and the case of Morehead v. Hall is there commented on and distinguished.
The judgment of nonsuit is set aside and a new trial ordered.
New trial.
Cited: Pennell v. Brookshire, 193 N.C. 75 (2f).