GUSTAVO, DEMANDANTE Y APELANTE, *v.* ASAMBLEA MUNICIPAL DE GUÁNICA, DEMANDADA Y APELADA.

No. 3255.—*Visto:* Mayo 23, 1924. *Resuelto:* Mayo 31, 1924.

*Certiorari* PARA ANULAR ORDENANZA MUNICIPAL—CUESTIÓN ACADÉMICA.—Siendo el objeto del *certiorari* en este caso el obtener la nulidad de una ordenanza municipal y habiendo probado la demandada que la citada ordenanza había sido anulada por otra posterior, es preciso concluir que el recurso carecía de finalidad práctica.

ID.—''ANULACIÓN''—''DEROGACIÓN''—ORDENANZA DEROGATORIA.—Aunque los términos ''anular'' y ''derogar'' (''*annulment*'' and ''*repeal*'') se definen y distinguen, el primero como un acto judicial que ejercen las cortes, y el segundo como uno legislativo que ejercitan los legisladores, 38. Cyc. 382, lo cierto es que a la palabra ''anular'' no se le da en la jurisprudencia un sentido técnico y se ha permitido expresar la misma idea en términos equivalentes; así, pues, una ordenanza municipal ''para anular y dejar sin efecto

ni fuerza legal'' otra ordenanza, es una ordenanza derogatoria que no deja de ser válida por el fundamento de que sólo el poder judicial tiene facultad para anular las ordenanzas municipales.

ID.—COMPARECENCIA EQUIVALENTE A ALLANAMIENTO—HONORARIOS DE ABOGADO—DISCRECIÓN JUDICIAL.—Habiendo comparecido la demandada al objeto de pedir la anulación del auto de *certiorari* probando que la ordenanza impugnada había sido derogada, tal comparecencia equivale a un allanamiento, y al resolver el caso sin especial condenación de costas, la corte inferior hizo buen uso de su poder discrecional.

RESOLUCIÓN de *R. Díaz Cintrón,* J. (Ponce), desestimando recurso de *certiorari.* *Confirmada.*

*R. Arjona Siaca* y *J. Valldejuli,* abogados del apelante; *F. Colón Díaz,* abogado de la apelada.

EL JUEZ ASOCIADO SR. FRANCO SOTO, emitió la opinión del tribunal.

Se apela de una resolución de la corte inferior por la que se desestima una petición de *certiorari* para revisar cierta ordenanza aprobada en 23 de agosto de 1923 por la Asamblea Municipal de Yauco, tendente a restringir la celebración de meetings políticos en la ''Plaza Jiménez'' de la población, alegando el peticionario la inconstitucionalidad de la ordenanza por cuanto la misma coarta la libertad de palabra y el derecho del pueblo a reunirse pacíficamente.

Al celebrarse este caso con vista del auto diligenciado (*return*) la demandada solicitó se desestimase la petición, apoyando su moción en otra ordenanza aprobada por la misma asamblea en 26 de diciembre de 1923 mediante la cual se anula y deja sin efecto la anterior ordenanza, cuya revisión constituía el objeto principal del recurso de *certiorari.*

Como el fin único del peticionario se limitaba a obtener la nulidad de la ordenanza aprobada en 23 de agosto de 1923, la asamblea municipal al pasar la segunda ordenanza, dejando sin efecto la primera, ipso facto convirtió el *issue* contenido en la petición de *certiorari* en una cuestión académica, quedando sin finalidad práctica, por lo que la corte inferior no cometió error al desestimar la petición, anulando implícitamente el auto que había sido expedido.

El apelante, sin embargo, sostiene, que la asamblea municipal al anular expresamente la ordenanza anterior que es objeto del *certiorari,* no tenía tal facultad por ser función judicial, contraria en absoluto a la facultad de derogar, que es una facultad puramente legislativa.

La objeción del apelante parece que estriba en una cuestión de palabras debiendo por tanto haber empleado la asamblea la palabra "derogar" y no "anular", al referirse a la primera ordenanza.

Aunque los términos "anular" y "derogar" (*"annulment" and "repeal"*) se definen y distinguen, el primero como un acto judicial que ejercen las cortes, y el segundo como legislativo que ejercitan las legislaturas, 38 Cyc. 382, lo cierto es que la palabra "anular" no se le da en la jurisprudencia un sentido técnico y se ha permitido expresar la misma idea en términos equivalentes, como se hace en la ordenanza expresando además estas palabras: "y dejar sin efecto ni fuerza legal la ordenanza . . . ." lo que implica una derogación. Anular. — Abrogar, invalidar o abolir; hacer nulo. No es una palabra técnica y nada existe en oposición a la idea de que pueda expresarse con palabras equivalentes. *Woodson* v. *Skinner,* 23 Mo. 24. *1 Bouvier's Law Dict.* p. 201.

El apelante se queja además que la corte inferior al desestimar su petición erró, no imponiendo las costas a la apelada. Se funda en que la ley sobre costas tal como fué enmendada en noviembre 19 de. 1917, (1) p. 207, ley No. 38 sólo exime de honorarios de abogado a un demandado que no hubiere comparecido en el pleito o procedimiento, lo que no ocurre en este caso por haber comparecido expresamente la demandada. Sin embargo, la asamblea municipal al dejar sin efecto su propia ordenanza, adelantándose a la acción judicial, no hizo otra cosa sino allanarse a la petición del apelante y nos parece que la corte inferior hizo buen uso de su discreción al dictar su resolución sin especial condenación de costas.

· Por lo expuesto, la resolución inferior de 3 de enero de 1923 *debe confirmarse.*