BRIDGET C. DALEY, Plaintiff in Error, *vs.* THE CITY OF SAINT PAUL, Defendant in Error.

ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

A general allegation in a complaint that the Plaintiff is the owner in fee of land, is sufficient to entitle him to recover for damages sustained by opening a street through such lands. If the right to the damages has passed to some one other than the Plaintiff, by assignment or otherwise, the Defendant should allege it. *Prima facie* the owner of the land is entitled to the damages.

The Legislature has the power to appoint officers within the limits of a municipal corporation to perform specific duties, such as laying out a street, and the acts of such officers are the acts of the city, in the same manner and to the same effect as if performed by the regularly constituted municipal authorities.

When land has been taken for a public street, the damages ascertained and the whole record of the proceedings perfected, the right to recover such damages is fixed and vested, and cannot be taken away by the Legislature.

The following is a copy of the complaint in this action :

The complaint of Bridget C. Daley, Plaintiff in this action, against the City of St. Paul, Defendant herein, shows to the Court,—

That this Plaintiff is now and for a long time heretofore has been the owner in fee of the following described lands and real estate situate in the County of Ramsey in the State of Minnesota, to wit : lots five (5), six (6), seven (7), eight (8), twenty-two (22), twenty-three (23), twenty-four (24), and twenty-five (25), in Thos. Daley's subdivision of block two in Stinson, Brown & Ramsey's addition to the city of St. Paul, &c.

And that under and by virtue of a certain act of the Legislative Assembly of the late Territory of Minnesota, entitled a bill relative to an improvement in the City of St. Paul, approved the 23d day of May, A. D., 1857, and also an act of the Legislature of the State of Minnesota, entitled an act supplemental to an act relative to an improvement in the City of St. Paul, approved May 23, 1857, and to amend the same, approved the 27th day of July, A. D. 1858, and in due pursuance of the said act, D. A. J. Baker, John Smith and Isaac Rose, commissioners therefor, appointed by the said last named act, duly laid out and platted, surveyed and established a public street or road from the then westerly termination of Fort Street to the westerly limits of said city of St. Paul, and thence to the Ferry Landing opposite to Fort Snelling; and the said commissioners duly ascertained and determined the value of the property required to be taken for said street or road, and the property to be thereby benefited, and the property to be thereby injured, and duly assessed the damages and expenses thereof, and duly apportioned the same in all respects as required by the provisions of said acts; and the said commissioners duly did and performed all other acts and things required by said acts to be by them done and performed in the premises, and in all respects fully complied with the provisions of said acts.

And thereupon on or about the 24th December, A. D. 1858, the said commissioners made a report of their proceedings aforesaid to the District Judge of this Court as required by said act, which report was duly accompanied by the plot re-

quired by said acts to be made, and contained a full statement of their action in the premises, and that said Judge thereupon received said report and deposited the same in the office of the Register of Deeds for the county of Ramsey aforesaid, and caused due notice to be published as required by said acts, that such report had been deposited in said office for the inspection of all persons desiring to examine the same, and unless exceptions be made thereto within twenty days from the date of said notice, the said report would be affirmed.

And that after all due proceedings had in the premises as authorized and required by said acts, the said Judge, on the 30th day of March, A. D. 1859, made an order affirming the said report with certain slight modifications, and thereupon caused the said report and the plat accompanying the same, and the said order, to be filed and recorded in the office of the Register of Deeds aforesaid, as by the said report and plat and order now lying and on file in the office aforesaid, and the certificate of the Register of Deeds aforesaid endorsed thereon, will more fully appear, and to which reference is hereby made for greater certainty.

And this Plaintiff further says, that under and by virtue of the proceedings aforesaid as approved by said Judge as aforesaid, said street or road was laid out, surveyed, platted and established over and through the lands and real estate hereinbefore described, and that certain portions of said lands and real estate were thereby taken for said street and road, and that the value of the portions or parcels of said lands and real estate so taken for said street or road as aforesaid, as the same was ascertained, determined and awarded and reported by said commissioners and affirmed by said Judge as aforesaid, was as follows, to wit:

Of lot five aforesaid, one hundred and eighty 81–100 dollars; of lot six aforesaid, three hundred and seventy-six 32–100 dollars; of lot seven aforesaid, three hundred and eighty-three 67–100 dollars; of lot eight aforesaid, one hundred and seventy-six 40–100 dollars; of lot twenty-two aforesaid, two hundred and thirty-eight 14–100 dollars; of lot twenty-three aforesaid, four hundred and four 74–100 dollars; of lot twenty-four aforesaid, three hundred and nineteen 68-100 dol-

lars ; of lot twenty-five aforesaid, one hundred and nineteen 7–100 dollars ; making in the aggregate the sum of twenty-one hundred and ninety-eight dollars and eighty-three cents as the value aforesaid of the portions and parcels of said land and real estate so taken for said street or road as aforesaid, which was the actual and true value thereof at the time of the taking thereof aforesaid.

And that no benefits were assessed or apportioned to the lands and real estate aforesaid or any part or parcels thereof by said proceedings, except only the sum of thirty dollars to lot five aforesaid, and the like sum to lot eight aforesaid, and the sum of fifty dollars to lot twenty-five aforesaid, leaving a balance of two thousand and eighty-eight 83–100 dollars to be paid to the owner of said lands and real estate, to wit, to this Plaintiff.

And that no part of the said sum has ever been paid or secured to this Plaintiff or to any other person or persons whatever.

And that the said Defendant, the City of Saint Paul, has wholly failed and refused to pay or secure the aforesaid sum or any part thereof to this Plaintiff or to any other person or persons whatever, although thereto often requested.

And that the said Defendant has entirely failed and refused to collect in any wise the benefits assessed and apportioned by said proceedings as aforesaid, or any part thereof, or to take any steps or proceedings whatever for the purpose of collecting the same or any part thereof, or to do any act or thing in the premises as required by said acts, and has utterly failed and refused to take any measures or steps whatever for the purpose of paying or securing the payment of the aforesaid sum or any part thereof, or of any part of the awards for the value of property taken and damages assessed by the proceedings aforesaid as affirmed by said order as aforesaid.

Wherefore this Plaintiff says that by reason of the premises the said Defendant became indebted and is now indebted to this Plaintiff in the sum of two thousand and eighty-eight dollars and eighty-three cents ($2,088.83) with interest thereon from and after the 31st day of March, A. D. 1859, for which

said principal sum and interest the said Plaintiff demands judgment, &c.

The Defendant demurred to the complaint. The District Court sustained the demurrer and Plaintiff sued out a writ of error.

Points and Authorities of Plaintiff in Error.

I.—The act creating the Defendant is a public act, and therefore need not · be pleaded. *Sess. Laws* 1858, *p.* 50, *sec.* 26; *Angell & Ames on Corporations, p.* 568, *sec.* 1, *and authorities there cited.*

II.—It is not necessary that it should appear that the Plaintiff was the owner of the land · when the damages were awarded and the benefits assessed, or at the time the street was established.

III.—Is, therefore, the Defendant liable for the value of the property taken for public use in this case ? This is the practical question for solution before the Court.

1st. An inspection of the acts under which the proceedings alleged were had, (*Ex. Sess. Laws* 1857, *p.* 298 *and Sess. Laws* 1858, *p.* 311), will show that all constitutional provisions and principles applicable in the premises, have been observed by these acts, such as the ascertainment and payment of compensation for the property taken for public use, &c.

2d. An inspection of the act of 1861, mentioned in the eighth point of Defendant's demurrer, providing for a reassessment in the premises, &c., will show that it on its face is palpably unconstitutional and void. It clearly recognizes and provides for the taking of private property for public use, "without just compensation therefor, first paid or secured."

3d. The complaint clearly shows that all the proceedings had under the acts of 1857–8, were regular and legal; that the provisions of those acts were in all respects strictly pursued and observed. An inspection of the pleadings and these acts, will suffice to establish this proposition. This being the case the city is liable in the premises.

Points and Authorities of Defendant in Error.

I.—The act incorporating the City of St. Paul, is a private act, of which Courts will not *ex officio* take notice and should be specially pleaded. *Chit. Pl. Vol.* 1, *p.* 216.

*a.* The Defendant is only liable as a corporation, and the complaint is insufficient unless it be alleged that it is or was such corporation at the time such cause of action accrued. *Goshen & Sharon Turnpike Co. vs. Sears,* 7 *Conn.* 86; *Gould's Pl. p.* 55, *sec.* 16.

II.—The complaint should show that the Plaintiff was the owner of the premises described therein, at the time the assessment and award was made, and was entitled to receive said award. *Gould's Pl. p.* 172, *sec.* 7, *p.* 173, *sec.* 9; *see also Chitty's Pl. Vol.* 1.

Under our system of pleadings the complaint should show upon its face in what way and manner the Defendant is liable. Every material fact should be clearly and distinctly stated.

III.—The Defendant at no time has had any right or authority to collect the benefits assessed, or pay the damages awarded by the commissioners, and the complaint nowhere charges such right or authority, or that it was its duty thus to do. *Vide Laws of* 1857, *Ex. Sess. chap. p.* 298; *Chap.* 6, *City Charter, p.* 22.

IV.—The acts of the Legislature in question, and chapter 6 of the charter of the City of St. Paul, are unconstitutional and void, and Defendant is not bound thereby, or justified in taking any action under the same. 19 *Barb. U. S. Rep.* 118; *Id. p.* 167; 18 *Wend. p.* 36; 11 *Wend.*; *Bradshaw vs. Rogers,* 20 *J. R.* 103.

V.—The charter of St. Paul authorized and allowed the sale and appropriation of private property for public use, without making compensation to the owner. *Chap.* 6 *Charter, secs.* 8, 9, 10.

VI.—No action will lie against a municipal corporation for the unconstitutional and illegal acts of the State, or of any appointee thereof, unless such corporation in some way is party to such acts, or ratifies the same.

VII.—The act of the Legislature of 1861, appointing commissioners to reassess the damages to property owners on the line of said road, operates as a repeal of the former acts upon that subject. It provides a new remedy for opening said road, and paying the damages awarded therefor. *Law* 1861, *p.* 255, *chap.* 20.

VIII.—The Defendant, if liable at all, is only liable in an action for gross negligence, and cannot be made liable upon the award.

IX.—The acts in question do not purport to make the commissioners agents of the Defendant, and the Defendant has never recognized them as such. All jurisdiction and authority over streets within the city limits has been specially given and granted to the Defendant, and its rights are fixed and vested by the charter, and the city has sole power over such streets, alleys, &c. *Dart. Col. vs. Woodward,* 4 *Wheat.* 518; 6 *How.* 301, 326–7, 332; 17 *Barb.* 435.

LORENZO ALLIS, Counsel for Plaintiff in Error.

S. M. FLINT, Counsel for Defendant in Error.

*By the Court*—FLANDRAU, J.—The general allegation of title in fee in the Plaintiff, at and previous to the commencement of the action, is sufficient to entitle her to maintain a suit for damages assessed to land in laying out a street. If there are any outstanding interests in the land which would carry with them the right to receive these damages, or any assignment of them to another, such matter should be pleaded in the answer, to show that the Plaintiff is not the real party in interest; *prima facie,* the fee would carry with it the right to recover the damages.

The Legislature has the undoubted power in this State to appoint officers within a city for a specific purpose, such as laying out a street, and assessing the damages and benefits arising to the property taken for that purpose. There is nothing in the State constitution that directly or by implication forbids it, and it is not an extraordinary or improper exercise of legislative power, that conflicts with the principles of our

State government. The case of *The People ex rel. Wood vs. Simeon Draper*, 15 *N. Y. Rep.* 533, fully sustains the legislative power in this respect, and the reasoning of the Court in the opinion delivered by Justice Denio is satisfactory and conclusive.

When officers are thus appointed, for purposes within the limits and sphere of the municipal government of a city, their acts are the acts of the city, precisely as if they had been done by the municipal authorities selected under the provisions of the charter.

It is the intention of the act of May 23, 1857, (*Sess. Laws* 1857, *Sp. Sess. p.* 298), as modified by the act of 1858, (*Sess. Laws* 1858, *Sp. Laws, p.* 311), to place that portion of the proposed extension of Fort Street in the City of Saint Paul, that lies within the city limits, upon the same footing as other streets therein, and to impose the expense of opening it upon the city. The same provision is made for compensation to the owners of property taken, as in cases of other improvements of a similar nature, and the city charter regulates the manner of payment. We see no constitutional objection to these acts.

It is urged that the complaint is insufficient in not alleging that the road has been opened and graded, &c. The allegation is, that all acts required of the commissioners were performed, setting them out in detail, and that the land was taken. This is *prima facie* sufficient. If the improvement has been abandoned, and the land not in fact taken, it should be set up in the answer.

It appears from the complaint, that the rights of the Plaintiff accrued long before the passage of the act of March 12, 1861, (*Sess. Laws* 1861, *p.* 255), and became fixed by the action of the commissioners, and the confirmation of their report by the District Judge. The City of St. Paul became her debtor for the damages sustained, and we doubt the power of the Legislature to deprive her of such rights, and turn her over to the county of Ramsey for payment. Whether the Legislature cannot impose the whole expense of the improvement upon the county of Ramsey, and by such means indemnify the City of St. Paul for what she has been com-

pelled to pay under the acts of 1857–8, is another question, not necessary to decide in this case.

We think the complaint discloses a cause of action against the City of St. Paul, and that the Court erred in sustaining the demurrer. Judgment is reversed, and leave granted to the Defendant to answer the complaint within twenty days after service of notice of the order to be entered upon this decision. The case is remanded.