DARROW v. THE PEOPLE.

The city of Denver was incorporated by a special charter prior to the adoption of the state constitution; its people have not elected to abandon such charter and incorporate under the general law; the charter therefore remains in force; changes in or amendments of the charter are not obnoxious to the constitutional inhibition against local or special legislation.

*Appeal from Superior Court of the City of Denver.*

PETITION for rehearing.

Mr. CHARLES W. McCORD, for appellant.

Mr. F. W. HANKEY, for appellee.

HELM, J. In passing upon this application we deem it necessary to say a few words with reference to one of the questions argued by counsel. Our attention is invited to section 12 of article 7 of the constitution, which provides that "the general assembly shall, by general law, designate the courts and judges by whom the several classes of election contests not herein provided for shall be tried, and regulate the manner of trial and all matters incident thereto; but no such law shall apply to any contest arising out of an election held before its passage."

It is now claimed that section 3 of article 2 of the charter of the city of Denver, which we have regarded as depriving the courts of their jurisdiction to inquire into qualifications for membership in the city council, being a *local law*, is in conflict with the constitutional provision above cited, and therefore void. By examining the cases of *Brown v. City*, 7 Colo. 305, and *Carpenter v. People*, *ante*, 116, counsel will see that this court has twice expressly declared that the law specifically relating to the city of Denver is not obnoxious to constitutional inhibitions against local or special legislation; that inasmuch as prior to and at the time of the adoption of the state

constitution the entire city government was regulated by special charter, and inasmuch as its citizens have not elected to abandon such charter and incorporate under the general law, the charter remains in force, and a legislative revision or amendment thereof will not be reviewed by this court for the purpose of determining whether or not the changes incorporated could be made by general law.    The amended charter of Denver, adopted by the legislature in 1874, contains the following provision:    "The city council shall judge of the qualifications, elections and returns of their own members, and shall determine all contested elections under this act."    Section 5, p. 268, Sess. Laws 1874.    This provision was retained *verbatim* in the revision of the charter by the legislature of 1881.    It was re-enacted, and is contained in the revision made in 1883.    The legislature of 1885, at the regular biennial revision of the charter, saw fit to incorporate .this provision substantially. as theretofore written, except as modified by the insertion of the word "sole."

Thus it appears that the legislature simply amended a section of the charter which existed prior to the adoption of the constitution, and had been repeatedly re-adopted since that instrument became the supreme law of the state.    Under the view taken by this court in the cases above cited, such amendment was a subject concerning which the courts will not inquire into the legislative conduct.

The suggestion is not out of place that we have here additional corroboration of the position taken in our prior opinion on the subject of legislative intent; for as the provision stood previous to 1885, while the power of the city council existed to investigate the questions named, yet such power was not exclusive.    It was simply concurrent with the jurisdiction of the courts over the subject of prior disqualification by *quo warranto*.    The fact that the last legislature saw fit to incorporate the

word "sole" into the act is, under an established principle of statutory construction, to be taken as evidence that a change was intended; but the only change which reasonably suggests itself to a rational mind is that they thereby expressly declared their will to render the jurisdiction of the council, theretofore concurrent, thereafter exclusive.

In the constitutional provision now relied on we discover no reason for changing the views already expressed. The legislature retains the privilege of enacting such local or special laws with reference to the city of Denver as shall be deemed, in their judgment, advisable; provided, of course, the same may be fairly considered as revisory or amendatory of the charter existing prior to the adoption of the constitution.

Counsel very clearly and cogently urge the dangers arising from lodging the power in question exclusively with the city council of Denver or the separate branches of that body. They suppose the perpetration of a number of high-handed outrages upon the people by the council, through this extraordinary jurisdiction, and urge with great force the necessity that the courts should come to the rescue. Their appeal must be addressed to the legislature. But it may be remarked that, in the first place, the law does not presume that persons elected to public office will betray the trust imposed and prove recreant to the oath taken; and, secondly, that, if they do, in cases like the one at bar, the people have two methods of redress,— they may rectify the evil at the succeeding election for councilmen by selecting good and true men to fill the office, and they may also invoke legislative aid in the premises.

A municipal corporation is the creature of the legislative will. Legislatures possess, and continually exercise, the right of conferring upon such corporations all privileges, powers and duties essential to the efficient accomplishment of the purposes for which they are called into

being; and unless the statutory expression in this respect can be clearly construed as inconsistent with some constitutional inhibition or requirement, it will not be questioned. But in the case at bar it is apparent that the legislative action cannot be challenged upon this ground under any of the constitutional provisions cited. And if we were to disregard the legislative intent as unequivocally declared in the statute, we would be guilty of establishing a precedent more dangerous than are the possible evils that might be averted. The rehearing is denied.

*Denied.*