IN RE SENATE BILL PROVIDING FOR A BOARD OF PUBLIC WORKS IN THE CITY OF DENVER.

1. MUNICIPAL CORPORATIONS — LEGISLATIVE POWER — "SPECIAL COMMISSION" — APPOINTMENT OF OFFICERS BY GOVERNOR.— Constitution, article 5, section 35, providing that the legislature "shall not delegate to any special commission, private corporation or association any power to make, supervise or interfere with any municipal improvement, money, property or effects, * * * or perform any municipal function whatever," does not prevent the legislature from creating a board of public works for the city of Denver, the members of which are to be appointed by the governor with the advice and consent of the senate, charged with duties and endowed with powers relating to the expenditure of city funds, the payment and cancellation of outstanding city warrants and the making of public improvements. Such board is not a "special commission," but a department of the city government.

2. The right of local self-government in cities and towns is generally a matter pertaining to the policy or wisdom of legislation, rather than a question of constitutional construction.

THE sections of the bill referred to that are submitted create a board of public works for the city of Denver, the members of which are to be appointed by the governor with the advice and consent of the senate.   Such board is charged with numerous duties and endowed with ex-

tensive powers in relation to the expenditure of city funds, the payment and cancellation of certain outstanding city warrants, and the making of certain public improvements. It also possesses a large supervisory control over contracts of the city council involving the expenditure of $5,000.

In relation to this measure the senate by resolution submitted the following question for determination: "Whereas, a bill containing certain amendments to the city charter of the city of Denver is now before the legislature, among which is one providing for the appointment of a board of public works by his excellency the governor; and whereas, doubts exist in the minds of many persons whether or not such appointment can be made by the governor, and whether or not the legislature can pass any amendment to the charter which confers upon a board so appointed the power to expend the money of the city in making public improvements: therefore, be it resolved, that the supreme court be, and they are hereby, requested to render an opinion upon the constitutionality of such amendments, a copy of which is hereto annexed."

PER CURIAM. Municipal corporations are creatures of legislative enactment; and, in the absence of inhibitory or limiting constitutional provision, the general assembly has plenary power to adopt such measures as shall in its judgment be most conducive to their efficiency and usefulness. This principle includes the manner of filling municipal offices. 1 Dill. Mun. Corp. §§ 58–60; *State v. Seymour*, 35 N. J. Law, 47; *County Court v. Griswold*, 58 Mo. 175; *Daley v. City of St. Paul*, 7 Minn. 390.

There is no constitutional provision expressly withholding from the legislature power to authorize the appointment by the governor of such municipal officers as are contemplated by the act before us. On the contrary, section 12 of article 14 declares that "the general as-

sembly shall provide for the election or appointment of such other * * * municipal officers as public convenience may require" (the word "municipal," thus used, is, in our judgment, not confined to counties, townships and the like); and, in the absence of contrary legislative or constitutional direction in the premises, the power to fill all offices by appointment is expressly lodged in the governor, subject to the approval of the senate. Sec. 6, art. 4.

We find no indirect or implied inhibition relating to the subject before us, unless it exists in section 35, article 5, of the constitution. This section reads: "The general assembly shall not delegate to any special commission, private corporation or association any power to make, supervise or interfere with any municipal improvement, money, property or effects, * * * or perform any municipal function whatever." And it is obvious at a glance that, if this clause controls the legislative discretion in the premises, it is because the board of public works, as constituted by the act under consideration, is a "special commission" within the meaning of that phrase as it was understood by the framers of the constitution. This we do not think, for the following among other reasons:

The board in question is made a department or branch of the city government. Its power to invest money in public improvements is for the present confined to the expenditure of $3,000,000, but its authority is not limited to this expenditure, and upon making the same its existence does not terminate. It is, like the board of health, fire and other departments, permanent in its nature, being charged with certain continuous duties and vested with certain perpetual powers. These duties and powers are extensive, and in some respects unusual, but they relate exclusively to municipal affairs, and are essentially functions of the municipal government. The board has no separate existence, office or authority. It

is an administrative agency or instrument, employed exclusively in the control and management of the city's improvements and other interests. In no material respect, save as to the scope and extent of its duties and powers, does it essentially differ from the other departments by means of which the public interests are promoted, and the public health, peace and welfare protected, within the municipality; nor is it an unusual agency, though, as above suggested, in some respects its powers are extraordinary. The necessity for boards of public works is shown, and their usefulness is demonstrated, by their continued existence in other cities.

If the board of public works, as provided for in the bill before us, is a "special commission," within the meaning of this constitutional phrase, it must become such by virtue of the manner in which its members receive their appointment. But we are satisfied that such a conclusion would be wholly untenable. The board of supervisors of Denver perform "municipal functions," but should the general assembly enact that the members of this board shall be appointed by the governor, with the advice and consent of the senate, it would not follow that the body would thereby become a "special commission." The mayor of Denver also performs municipal functions, but it would hardly be contended that his appointment by the governor, in case the statute so provided, would constitute him *ipso facto* a "special commission" or commissioner. Amendments to the city charter of Denver are not forbidden by the constitutional inhibition relating to local or special legislation. *Darrow v. People*, 8 Colo. 426, and cases cited.

There is strong reason for recognizing, so far as may be compatible with the general public interests, the right of local self-government in cities and towns; but this is with us generally a matter pertaining to the policy or wisdom of proposed legislation, rather than a question of constitutional construction. We must not, however, be

understood as saying that any and every direct legislative interference with local municipal affairs would be free from constitutional objection. We confine our answer to the specific questions propounded, and hold that the provisions referred to in the act before us are not obnoxious to the constitutional objections suggested thereby. Our opinion is not solicited upon the constitutionality of all the minor provisions of the act, and we do not consider them, but we shall take the liberty of expressing a doubt with reference to the legality of fixing the term of office for members of the board in question at six years. See Const. § 12, art. 14, *supra.*

ELLIOTT, J. (*concurring*). Section 6 of article 4, and sections 12 and 13 of article 14, would seem to furnish express authority for vesting in the governor the appointment of the members of the proposed board, provided their term of office be limited to a period not exceeding two years.

If the board of public works contemplated by the proposed enactment is of such a character, by reason of the manner of its creation or the scope of its powers, that it must be held to be a special commission, within the meaning of section 35, article 5, of the constitution, then the delegation to it of power to expend money and make municipal improvements is clearly unconstitutional.

Bouvier defines a "commission" to be "a body of persons authorized to act in a certain manner." Webster says a "commission" is "a company of persons joined in the exercise of some duty or the charge of some trust." In legal phrases, the word "special" is most frequently used as denoting something particular or limited, in contradistinction to general or permanent. Bouvier speaks of a "special" agent as one "whose authority is confined to a particular or individual instance;" of a "special" jury as "one selected in a particular way by the parties;" and of a "special" constable as

"one who has been appointed a constable for a particular occasion, as in case of an actual tumult or a riot, or for the purpose of serving a particular process." "Special administration," says Blackstone, is "where only specific effects of the deceased are committed to the administrator."

In my opinion the term "special commission," as used in the constitutional provision under consideration, refers to some body or association of individuals separate and distinct from the city government; that is, created for different purposes, or else created for some individual or limited object not connected with the general administration of municipal affairs.

It cannot be that the phrase "special commission," as here used, refers merely to a separate department of the city government as provided by the charter. To so conclude would be to hold that the board of supervisors, the board of aldermen, the health department or the police department is a special commission; and hence that the general assembly could not delegate to either of said boards or departments any power to make improvements, expend money or perform any municipal function whatever.

The creation of a board of public works to expend a particular sum of money, as $3,000,000, to be raised upon the bonds of the city for certain specified improvements, or to pay in their discretion certain debts already existing, or warrants supposed to be outstanding, might be of doubtful constitutional validity. Nevertheless I am of the opinion that the general assembly has the constitutional power, by amendment to the charter of the city of Denver, to provide for the appointment of a board of public works as an integral part or department of the city government; that to such board may be delegated the power to expend money for general municipal improvements, whether such money be raised by the sale of bonds or other lawful means; that to such board may be commit-

ted the supervising control over any or all expenditures for municipal improvements in excess of a given amount, to be provided by law; and that the appointment of the members of such board may be vested in the governor.

This opinion is intended as an answer to the doubts suggested in the preamble to the resolution, and not as a decision upon the validity of all the numerous provisions of the proposed amendments transmitted to us by the honorable senate.