[No. 4715.]

THE CITY OF DENVER ET AL. v. ILIFF ET AL.

1. **Cities and Towns—Improvement Assessments—Equity Proceedings—Inequitable Conduct of Parties.**

In an action by owners of real estate in a certain grading and curbing district of a city to annul an assessment levied to meet the expense of grading and curbing such district, the evidence showed that, pursuant to certain preliminary steps taken by the board of public works, the city council in January, 1897, passed an ordinance creating the district; that a contract was let in February following for the grading and curbing contemplated by the ordinance; that the contract was to be performed by December of the same year, and was completed shortly thereafter; that an ordinance assessing the property in

such district for such improvements was passed in March, 1901; that plaintiffs permitted the passage of such ordinances, the making of the contract, and the improvement of their property thereunder; and that, after their property was so benefited, they brought this suit to annul the assessment which had been levied to pay for such improvements. Held, that, while it is not necessary to hold that such conduct precludes any relief, it certainly does not commend this proceeding to the favor of a court of equity.—P. 360.

2. **Appellate Practice—Constitutional Law—Change of Name of Parties—Not Ground for Dismissal—Harmless Error.**

An action was pending in the trial court against the city of Denver when article 20, Colo. const., went into effect changing its name to the city and county of Denver. After this article went into effect, the defendant city was represented by counsel for the city and county of Denver, and such counsel continued to act at the time the decision was rendered below and in taking the appeal to the supreme court; and, until appellees filed their brief therein, no objection was made to the case proceeding under its original title, at which time defendants in error moved to dismiss the appeal on the ground that the city of Denver had ceased to exist by virtue of article 20, supra. Held, that article 20 had no such effect, and the city of Denver continues to exist as the city and county of Denver; and that the motion to dismiss is denied for the reason that the parties have, in effect, agreed by their conduct that the suit should proceed in the name of the original parties; and, further, that, if error was committed in not making a substitution of parties at the proper time, it was error without prejudice which cannot affect the binding force of this decision upon the city and county of Denver and the other parties in interest.—P. 361.

3. **Appellate Practice—Constitutional Question—Supreme Court —Court of Appeals—Jurisdiction.**

In an action involving a constitutional question, an appeal taken before the consolidation of the supreme court and the court of appeals was properly taken to the former direct from the trial court.—P. 362.

4. **City and County of Denver—Constitutionality of Charter Provisions—Board of Public Works.**

The charter provisions of the city and county of Denver creating a board of public works are not in violation of § 35, article 5, Colo. const., which provides that the general assembly shall not delegate to a special commission power to levy taxes or to perform any municipal function whatever.—P. 363.

5. **Same—Statutory Construction—Special and Local Laws.**

The act of the legislature whereby the charter of the city and county of Denver was amended and the board of public works provided for, is not in violation of § 25, article 5, Colo. const., prohibiting special and local laws.—P. 363.

*Appeal from the District Court of the City and County of Denver.*
*Hon. John I. Mullins, Judge.*

Action by William S. Iliff and others similarly situated against the City of Denver, Charles S. Elder, county treasurer of Arapahoe county, Colorado, and ex-officio collector of the city of Denver, William Hayden and the Board of Public Works of said city. From a judgment for plaintiffs, defendants appeal. Decision *en banc.*                    *Reversed.*

Mr. HENRY A. LINDSLEY, city attorney, Mr. CHAS. R. BROCK, and Mr. H. L. RITTER, for appellants.

Mr. JOSHUA GROZIER, for appellees.

Mr. JUSTICE GUNTER delivered the opinion of the court:

This was an action by certain owners of real estate situate in grading and curbing district No. 1 of this city, in behalf of themselves and others similarly situated, to annul an assessment levied to meet the expense of grading and curbing the district. The parties defendant were the city of Denver and others unnecessary to mention.

The answer therein presented three defenses: one, a denial of certain material allegations of the complaint; two, the statute of limitations as found in section 62, article 7, of the charter of said city; and three, the statute of limitations provided by section 34, article 7, of said charter.

A general demurrer to the answer was sustained. The defendant stood upon the answer, and plaintiffs

had judgment for the relief prayed. From the judgment is this appeal.

If any one of the defenses presented by the answer was good, the judgment below should be reversed. The lower court did not pass upon the second or third ground of defense. Neither of them may become material upon a second trial. We confine this ruling to the sufficiency of the first defense, the denial. The lower court, in holding the answer insufficient, passed upon but one question, the constitutionality of the board of public works. To this question, the lengthy briefs of appellees are principally directed, and the ruling of this question is decisive of this appeal. Before considering this constitutional question, it is not foreign to this decision to recite, in a general way, the inequitable conduct of plaintiffs. While it is not necessary for us to hold that such conduct precludes any relief, such conduct certainly does not commend this proceeding to the favor of a court of equity. We will, also, before taking up the constitutional question, consider two motions to dismiss the appeal, filed at different times during the course of this proceeding and based upon different grounds.

1. The history of this proceeding, as bearing upon the inequitable conduct of plaintiffs, is this: Pursuant to certain preliminary steps taken by the board of public works, the city council, on January 8, 1897, passed ordinance No. 6, creating grading and curbing district No. 1. A contract was let in February following for the grading and curbing contemplated by the ordinance. The contract was to be performed by December 1, 1897, and it was completed shortly thereafter. An ordinance assessing the property in the district for the amount expended in making the improvements was passed March 27, 1901. Plaintiffs permitted the passing of the various ordinances,

the making of the contract and the improvement of their property thereunder, and, after their property was so benefited, in May, 1901, they brought suit to annul the assessment which had been levied to pay for the improvement.

2. Next, as to the motions to dismiss the appeal. Appellees say that perforce article 20 of our constitution, appellant—the city of Denver—has ceased to exist, and that, for this reason, this appeal pending in its name should be dismissed. Article 20 had no such effect; as to the right involved in this action, the city of Denver continues to exist under a new name, The City and County of Denver. Article 20 reads: By that name, "said corporation (the city and county of Denver) shall have perpetual succession, and shall own, possess and hold all property, real and personal, theretofore owned, possessed or held by the said city of Denver, * * * shall succeed to all the rights and liabilities, and shall acquire all benefits, and shall assume and pay all bonds and obligations and indebtedness of the said city of Denver." —Session Laws 1901, page 98.

This action was begun against the city of Denver before the going into effect of article 20. While the suit was pending, article 20 went into effect. At the time of its decision by the court below, article 20 had become operative. When article 20 went into effect, the court below, upon motion, would doubtless have permitted a substitution of "The City and County of Denver" for "The City of Denver," or counsel for the respective parties might have agreed that the cause should proceed in the names of the original parties, and that the final decision therein should be binding upon the city and county of Denver as well as upon other parties in interest. We think the acts of the parties should be construed to have the effect of such an agreement. Repeating to

some extent the facts pertinent to this motion, they are these: The case was pending when article 20 went into effect; after this article became operative, the defendants below were represented by counsel for the city and county of Denver; at the time of the decision of the case below, the city and county of Denver was represented by its counsel. The appeal was taken, the record was lodged in this court, and the abstract and briefs of appellants filed with the case pending under its original title without any objection whatever on the part of appellees or request for a substitution of parties. It was not until appellees filed their brief herein, December, 1905, that any objection was made to the case proceeding under its original title. The motion to dismiss will be denied, and a sufficient reason therefor is, that the parties have, in effect, agreed by their conduct that this cause should proceed in the name of the original parties. Further, if error was committed in not making a substitution of parties at the proper time, it was error without prejudice, which cannot affect the binding force of this decision upon the city and county of Denver and the other parties in interest.

Long after the oral argument herein, counsel for appellees filed a second motion to dismiss this appeal. His contention therein was that, as the judgment below was simply for costs, the case should have gone to the court of appeals, and not directly to this court. The case was lodged here directly from the trial court, before the consolidation, by constitutional amendment, of the court of appeals and the supreme court. The case came properly here directly from the trial court, before such consolidation, because the case involved a constitutional question. It requires no citation of authorities to sustain the position that the presence of a constitutional question in the case gave this court jurisdiction of an appeal taken di-

rectly from the trial court before the consolidation of the courts. Constitutional questions are involved in the case, and counsel for appellees proceeded upon that theory in asking, because of the presence of such questions, that the case be heard by the full court. It was so heard, and, because counsel assigned such reason, the presence of the constitutional question.

3. It is contended that the charter provisions creating the board of public works are unconstitutional. in that they violate section 35, article 5, of our state constitution. Such section provides that the general assembly shall not delegate to a special commission power to levy taxes or perform any municipal function whatever. This question has been settled in this jurisdiction adversely to contention of appellees, and it must suffice to cite the authorities so holding.—*In re Senate Bill*, 12 Colo. 188; *Denver v. Londoner*, 33 Colo. 104.

4. It is further said that the act of the legislature whereby the charter of the city of Denver was amended and the board of public works provided for, is violative of section 25, article 5, of the constitution of this state, against special and local laws. This court has put this contention at rest, having held that a legislative act relating specially to the city and county of Denver is not obnoxious to the constitutional inhibition against local or special legislation. —*Brown v. City*, 7 Colo. 305, 308; *Carpenter v. People*, 8 Colo. 116; *Darrow v. People*, 8 Colo. 426.

Further, the fact that the constitutionality of the board of public works has been so frequently upheld by this court is, at least, suggestive that it has regarded the particular question now under consideration placed at rest by reason of the earlier decisions. In the recent case of *Denver v. Londoner*, 33 Colo. 104, the court said:

"So far as urged upon our attention, we find no provisions of the charter relating to the board of public works or local public improvements which are unconstitutional."

To sum up: The court below sustained the general demurrer to the answer upon the ground that the board of public works is an unconstitutional body. This reason was unsound, and the ruling sustaining the demurrer and entering judgment for plaintiffs was error.

Decision *en banc*.            *Reversed.*