[No. 5233.]

[No. 2854 C. A.]

HALLETT v. THE UNITED STATES SECURITY AND BOND COMPANY ET AL.

1.  Cities and Towns—Improvement Districts in Absence of Statutory Regulations.

In the absence of statutory regulations, the municipal authorities are vested with discretion in laying out a district within which local public improvements shall be made.—P. 285.

2.  Same—Ordinances—Notice—Sufficiency.

A notice addressed to "The property owners in West Denver Sidewalk District No. 6," in which the district was described with reference to streets, is sufficient to advise all persons owning lots within the territory thereby described of the proceedings involved, and is sufficient under an ordinance requiring a notice to owners who have not paid for sidewalk construction.—P. 286.

3.  Cities and Towns—Charter Provisions—Ordinances—Notice for Hearing Objections—Validity.

The provision of a city charter, providing that owners of lots should receive notice of hearings for complaints against assessments for the construction of adjacent sidewalks, is not invalid because it does not specify the tribunal or the time or place for hearing such complaints before the assessment becomes final, since power is given the city authorities to make such provision by ordinance, which is sufficient; nor is an ordinance thereunder invalid which does not specify the time and place where objections filed will be heard and determined, since it contemplates a hearing and names the tribunal to hear them; nor is the charter or ordinance invalid because neither specifies the amount of the assessments, since, having provided for a hearing with

respect thereto, it logically follows that the tribunal designated shall hear and determine all competent questions going to the validity or amount of such assessments.—P. 286.

4. **Appellate Practice—Cities and Towns—Improvement Assessments—Objections Not Raised Below.**

Where the owner of lots assessed for improvements failed to appear and make objections to such assessments in the special forum provided by law for that purpose, he cannot be heard on such objections in any other forum.—P. 287.

5. **Cities and Towns — Ordinances — Special Assessments — Amendments—Shortening Time for Filing Objections—Validity.**

Where a city charter does not specify the time within which objections may be filed to special assessments, but leaves the matter entirely with the city authorities, an amendatory ordinance shortening the time within which such objections may be filed is not invalid, as such change is only of procedure and does not divest the property owner of any vested right.—P. 287.

6. **Same—Publication of Ordinance on Sunday.**

The publication of an ordinance in relation to special assessments for sidewalk construction is not invalid because published on Sunday.—P. 288.

7. **Cities and Towns—Excessive Assessments—Tender of Valid Amount.**

Where the excess in an alleged excessive assessment is susceptible of mathematical calculation, before the property owner can take advantage thereof, he must pay or tender the amount which is valid.—P. 288.

*Appeal from the District Court of Arapahoe County. Hon. John I. Mullins, Judge.*

Action by Moses Hallett against The United States Security & Bond Company. From a judgment in favor of defendants, plaintiff appeals.

Decision *en banc.*                    *Affirmed.*

Mr. W. C. KINGSLEY (Mr. CHAS. W. WATERMAN, of counsel), for appellant.

Mr. WM. B. TEBBETTS and Mr. HERBERT M. MUNROE, for appellees.

The ultimate question presented by this appeal is the validity of a special assessment upon lots of

appellant in the city of Denver to defray the expense of a sidewalk constructed by the city in front of these lots. The assessment was held to be valid by the trial court.

The charter of the city under which the proceedings were had in the first instance, which resulted in the construction of the sidewalk, provided that the city council, upon the recommendation of the board of public works, may, by ordinance, order the construction of sidewalks. Upon the passage of such ordinance the city clerk shall notify the owners of property to construct such walks. If not constructed by the owners within the time specified, the city is authorized to do so. If constructed by the city, a warrant for the payment of the expense thereof shall issue, but shall be held by the clerk for the period of thirty days in order to afford the owner an opportunity to take it up. It then provides: "And if such warrants are not paid by the owner of the lots so improved within the thirty days, the city council, upon notice to the owners of the lots so improved who have not paid for the construction of the sidewalk adjacent to the same, by publication for ten successive days in a newspaper published in the city of Denver, and hearings, shall assess the respective amounts due upon each lot for the construction of the sidewalk adjacent to the same."—Laws 1889, p. 139, § 29.

In September, 1891, pursuant to the recommendation of the board of public works, an ordinance was passed creating "West Denver Sidewalk District No. 6," ordering the construction of sidewalks within this territory. This district was described by reference to streets and embraced the lots in question. Thereafter, notice was published addressed to "The property owners in West Denver Sidewalk District No. 6," requiring them to construct

sidewalks in front of their property therein within a specified time. This notice contained a description of the district, by reference to streets. The then owner of the lots of appellant neglected to construct a walk in front thereof within the time specified, and the city constructed the same, between September, 1892, and August following.

Section 12 of the ordinance provided, in substance, that after the construction of sidewalks within the district by the city, the clerk shall give notice by publication to the owners who had not paid for such construction, that the city council at its regular meetings for the two months succeeding the date of the first publication of such notice would receive, hear, and determine any complaints or objections that the owners might have to offer against the assessment of their lots for sidewalks constructed by the city before any ordinance levying such assessments would be passed.

In 1893 the charter of the city of Denver was amended, requiring notice by publication to owners who had not constructed sidewalks in accordance with the requirements of the city authorities to make their complaints or objections against the assessment of their lots within thirty days from the first publication of such notice. This amendment also provided that such objections as were filed would be heard and determined by the city council before the passage of any ordinance assessing the cost of such sidewalks.—Laws 1893, p. 212, § 30.

The notice contemplated by § 12 of the ordinance, *supra,* had not been given when this law took effect, and in November, 1895, the city council passed an ordinance amending § 12 so as to require lot owners to present their objections within thirty days instead of two months, as originally provided. This amendatory ordinance was published on Sunday.

The notice thereby contemplated was duly given, addressed to "The property owners in West Denver Sidewalk District No. 6." No objection to 'the cost of constructing the sidewalk in question was made by the owner, and the expense thereof was thereafter assessed against his lots. One of these lots is on a corner, and the expense of a walk across the intersection of the abutting streets between the lot line and the curb was assessed against it.

Counsel for appellant contend that the assessment is illegal for the following reasons:

1. There was no law authorizing the creation of a sidewalk district.

2. Notice to "The property owners of West Denver Sidewalk District No. 6" was not a notice to lot owners as required by law.

3. That the law and ordinances under which the assessment was made did not afford owners an opportunity to be heard at a specified time and place on the question of benefits, and the charter provided no specific method of assessment.

4. That the amendatory ordinance was illegal because it changed the time within which objections might be filed.

5. That this ordinance was illegal because published on Sunday.

6. That it is illegal because the corner lot was charged with the expense of a walk across the intersection of the abutting streets between the lot line and the curb. The cost of this walk can be accurately determined.

The constitutionality of the law creating the board of public works is also challenged.

Mr. JUSTICE GABBERT delivered the opinion of the court:

1. There is no provision of the charter with

respect to the creation of a sidewalk district. In the absence of statutory regulations, the municipal authorities are vested with discretion in laying out a district within which local public improvements shall be made.—*City of Denver v. Campbell,* 33 Colo. 162.

2. In giving notice to property owners to construct, or in respect to, a local improvement, in so far as description of property is concerned, it is sufficient if, from such notice, it can be said the lot owners were advised that their property would be affected by the proceedings to which the notice referred. The notices in the case at bar were addressed to "The property owners in West Denver Sidewalk District No. 6." Therein the district was described with reference to streets. This was sufficient to advise all persons owning lots within the territory thereby described of the proceedings involved.

3. The charter is not invalid because it does not specify the tribunal (we refer to the charter provision found in the Law of 1889), or the time or place for hearing objections before assessments for sidewalks constructed by the city become final. Power is thereby granted the city authorities to provide for such notice and such tribunal, and that is sufficient.—*City of Denver v. Dumars,* 33 Colo. 94; *City of Denver v. Londoner,* 33 Colo. 104; *Paulsen v. Portland,* 149 U. S. 30.

For similar reasons the charter provisions of 1893 are valid.

Neither is the ordinance invalid because it does not specify the time and place when objections filed will be heard and determined. It contemplates a hearing upon objections to assessments, and names the tribunal to hear them before such as are objected to become final. Perhaps owners filing objections to assessments in response to the notice by the clerk,

which the ordinance says shall be given to them, should have notice of the time and place when they would be considered and determined, but that right has not been denied in the case at bar, because no objections were filed, and the ordinance cannot be construed to inhibit or not to require such a notice to those who have filed objections.

The charter and ordinance are not invalid because neither specifies the character of objections which will be considered in fixing the amount of the sidewalk assessments. Having provided for a hearing with respect to such assessments, it logically follows that the tribunal designated shall hear and determine all questions which would be competent to present to that tribunal, attacking the validity or amount of such assessments.—*City of Denver v. Dumars, supra; Fallbrook Irr. Dist. v. Bradley,* 164 U. S. 112.

Whether or not the charter of 1889 failed to provide a specific method for determining how the assessment against a lot to defray the expense of constructing a sidewalk in front thereof should be made, or left it with the city authorities to make such assessment according to benefits, is not presented by the record. It was the province of the city authorities to determine the rule to be followed in making, and the amount of the assessment in the first instance. Neither appellant nor his predecessor raised any question before the special forum provided by law to determine these questions. The owner must avail himself of the opportunity afforded to appear and make objections to special assessments in the special forum which the law has designated for that purpose. Otherwise, he will not be heard to object in any other forum.—*City of Denver v. Dumars, supra.*

4. The fact that the amendatory ordinance

shortened the time within which objections to assessments might be filed is not a matter of which appellant can complain. The charter as it existed at the time when the proceedings were initiated did not specify the time within which such objections might be filed, but left that matter entirely to the discretion of the city authorities. The latter, by changing this time, only changed the procedure, and this change did not divest the lot owner of any vested right.

5. . This amendatory ordinance is not illegal because published on Sunday. It was not process. —*City of Denver v. Dumars, supra; City of Denver v. Londoner, supra; Dumars v. City of Denver,* 16 Colo. App. 375.

6. There are two reasons why the question of assessing the corner lot with the expense of laying a walk from the lot line to the curb of the abutting street cannot be considered: (1) There was no application to the tribunal provided by law to correct this alleged error—*Spalding v. City of Denver,* 33 Colo. 172; and (2) it appears that the alleged excess is susceptible of mathematical calculation. The entire assessment, therefore, is not invalid, but only that which is excessive; but before a property owner can take advantage of an excessive assessment in such circumstances, he must pay, or tender, the amount which is valid.—*City of Denver v. Kennedy,* 33 Colo. 8.

In *City of Denver v. Londoner, supra,* the law creating the board of public works of the city of Denver was declared constitutional. This was followed in *City of Denver v. Iliff,* 38 Colo. 357. No new questions are presented by counsel for appellant on that proposition.

The judgment of the district court will be affirmed.    Decision *en banc.*                     *Affirmed.*